## SUPREME COURT.

### STEWART agt. TRAVIS and others.

Although in § 153 of the Code the statement "new matter," "constituting a *defence* to such new matter," must have been used as "defence" in its more popular sense, and therefore may include a *set-off* to a *set-off*, if such pleading is admissible; yet it does not follow that a *replication*, replying a set-off in general terms to a set-off pleaded in the answer, is necessary or even proper, especially, where the claims set up in the complaint and plea of set-off are pleaded in a general way, and not confined to some specified instrument or claim.

Admitting such a replication to be proper, but *insufficient*, the remedy of the defendant is by *demurrer*—not by motion to strike out. It is the best way to settle a question of the sufficiency of a pleading. (*For the same principle see Kneedler agt. Sternburgh, ante page* 67.)

The pleadings on both sides in this case, being in the most general form, and following substantially the old system, the question arose as to their sufficiency under the Code.

*Held*, that the old *common counts*, if they contain a direct allegation of the cause of indebtedness, and not by way of recital, are still good.

With very few exceptions, there is nothing in the Code that compels us to invent new modes of expressing the same legal proposition.

The distinction between legal and equitable jurisdiction is not abolished.

*Washington Special Term, June,* 1854.—This was a motion to strike out the 3d, 4th, 5th, 6th, and 7th divisions of the reply of the plaintiff.

The complaint contained eight counts, the substance of which was as follows :—1st. For work and labor done and performed by plaintiff for defendants, before Dec. 1, 1853, at the request of defendants ; and it alleged that those services were worth $5,000. 2d. For money paid, laid out, and expended for the defendants, at their request, in the performance of such labor, to the sum of $5,000. 3d. And for materials furnished in doing said work, to the value of $5,000. 4th. For money lent and advanced to defendants, to the amount of $5,000. 5th. For money paid, laid out, and expended for defendants, and at their request, to the amount of $5,000. 6th. For goods, wares, and merchandise, &c., sold and delivered to defendants, to the amount in value of $5,000. 7th. For freighting done for defendants, and money disbursed in so doing, &c., for which plaintiff was entitled to receive $5,000, and which defendants promised to pay the plaintiff, but now refuse. The 8th count was on an account stated. The demand of judgment was for $150.

Three of the defendants, Travis, Blount, and Stark, answered ; 1st, denying all the allegations of the complaint ; 2d, alleging that the plaintiff is indebted to the defendants in the sum of $300, for goods sold and delivered to the plaintiff by the defendants ; and the further sum of $300 for work, and labor, and services done and performed by the defendants for the plaintiff at his request ; which sums they would set-off, &c. ; 3d, that Travis and Blount were special partners under the statute, and had already paid toward the debts of the firm more than the amount of capital they put in, and were therefore not liable. 4th, that defendants had paid, laid out, and expended $1,000 for plaintiff, at his request ; and also lent and advanced to the plaintiff the further sum of $1,000, at his request ; and that plaintiff had received the further sum of $1,000, money of the defendants ; all of which they would set off. 5th, payment in full.

The plaintiff replied : 1st. Denying the allegations in the 2d and 4th defences in the answer. 2d. Alleging that, before suit, he paid to defendants, and satisfied all the money and indebtedness mentioned in the defences marked 2 and 4 in the answer, and for the goods, wares, and merchandise, work and

labor, therein alleged. 3d. That, before suit, he sold and delivered to defendants, at their request, goods, wares, and merchandise, other than those mentioned in the complaint, to the amount of $1,000. 4th. Also, lent and advanced to defendants, at their request, $1,000, other than the sum lent and advanced to them mentioned in the complaint. 5th. And had paid, laid out, and expended, and advanced to and for defendants' use, and at their request, $1,000, other than that mentioned in the complaint. 6th. And defendants had had and received $1,000 to use of plaintiff. 7th. And plaintiff had done and performed work and labor for the defendants, and at their request, and other than the work and labor mentioned in the complaint, for which he is entitled to receive $1,000. And so much of the sums mentioned in the foregoing parts of the reply marked 3, 4, 5, 6, and 7, he would "apply in extinguishment of any demand" the defendants might establish on the trial. 8th. The plaintiff also replied that he had accounted with the defendants of and concerning the indebtedness mentioned in the 3d and 4th defences or counter-claims, and had paid and satisfied the amount found due to the defendants thereon.

The defendants moved to strike out those parts of the reply numbered 3, 4, 5, 6, and 7.

J. POTTER, *for defendants.*
H. GIBSON, *for plaintiff.*

HAND, Justice. Mr. CHITTY says, to a plea of set-off on simple contract, the plaintiff may reply any matter which a defendant in an action might plead. (1 *Chit. Pl.* 502.) The replication in this case, however, is novel pleading; what, under the Code, may be considered a reply of a counter-claim to a counter-claim; for the former is to be applied in extinguishment of the latter, that is, by way of counter set-off, or one claim against another, without reference to those mentioned in the complaint. It is not, therefore, properly a new assignment; the object of which is said to be, to make certain what the plea has rendered uncertain; (5 *Bing. N. C.* 557;) or it is a repetition of the declaration, distinguishing the true ground of the complaint. (*Tom.*

*L. Dic.*, "*New Assignment.*") By § 153 of the Code, the plaintiff may deny a counter-claim pleaded by the defendant, &c., and he may allege "any new matter not inconsistent with the complaint, constituting a defence to such new matter in the answer," &c. Now, "defence," strictly speaking, signifies an opposing or denial of the truth or validity of the complaint. (3 *Bl.* 296 ; *Tom. L. Dict.*, "*Defence.*") It is used in this sense by the English courts in their new rules of pleading, which provide that "no formal defence" shall be necessary. (*See Reg. Gen.* 1834 ; 2 *Saund. R.* 303, *c. n. g.*) But the use of the word in these extracts—" statement of new matter constituting a defence," (§ 149,) and "new matter" "constituting a defence to such new matter," (§ 153,) must have been in the popular sense. And if so, in § 153, it may include set-off to a set-off pleaded in the answer, if that ever was admissible. But it does not follow that such a replication is necessary, or even proper ; especially where the claims set up in the complaint and plea of set-off are pleaded in a general way ; and not confined to some specified instrument or claim. Under the late practice in this state of giving notice of set-off, but few cases of pleading it have arisen. Instruction may be derived from some English cases ; and pleas of payment present some analogous principles. Where pleadings are general, a plea of payment has been held to apply to the sum which the plaintiff seeks to recover : so that the question would seem to be, whether any thing is due to the plaintiff, without a new assignment, &c. (*Freeman agt. Crafts*, 4 *M. & W.* 4 ; *James agt. Lingham*, 5 *Bing. N. C.* 553 ; *Moses agt. Levy*, 4 *Q. B.* 213 ; *Alston agt. Mills*, 9 *A. & E.* 248.)

It might be otherwise where the plea narrows the declaration to a particular demand, and shows that to be satisfied. (*Rogers agt. Custance*, 1 *Q. B.* 77.) Where defendant pleaded payment in assumpsit, and the plaintiff replied that he did not sue on the promise met by the plea, but on a different promise, the court held that the issue was, whether there was a second debt ; or rather, whether there had been two debts. (*Hall agt. Middleton*, 4 *A. & E.* 107.) And the same principle seems

applicable to a plea of set-off. (*Bell agt. Shaw*, 1 *Holt*, *N. P. C.* 293. *And see Rogers agt. Custance, supra ; Barb.*, on set-off, 179.) Which may be as general as the declaration. (*Nicholas agt. Tuck*, 16 *Eng. L. & E. R.* 104; *Noel agt. Davis*, 4 *M. & W.* 136.)

If these rules are applicable to this case, the replication of the plaintiff was not very sagacious. If the defendants do not demur to this part of the replication, they take issue by an implied denial of the same, and may also give evidence of matter in avoidance. (*Code*, § 168.) And in that case, within the principle of the cases of *Hall agt. Middleton* and *Bell agt. Shaw*, the plaintiff would have to prove both his complaint and replication ; that is, the double indebtedness he has charged in them ; for, as to that line of defence, (without reference to the denial in the first part of the replication,) he impliedly admits the set-off, and must prove sufficient of the demands set up in the replication to neutralize these counter-claims. And then again it may be unsafe to attempt to split up his demands in that way.

Another peculiarity of these pleadings is, that the sum in each count of the complaint is larger than the whole amount claimed as set-off; and causes of action of every kind set up in the replication, except for money had and received, are found in the complaint, with some others in addition. If the balance due to plaintiff does not exceed $150, the amount of the judgment demanded, there is no necessity of increasing the amount claimed as damages; for, as we have seen, the question is, what is the balance or real sum due ?

But admitting the replication to be insufficient, I think the defendants have mistaken the remedy. It is not a case within § 247, or § 152, in relation to sham or frivolous pleading, &c. In the recent case of *Kneedler agt. Sternburgh*, (*ante page* 67,) I came to the conclusion that the plaintiff may demur to new matter in an answer, not constituting a counter-claim; and if so, I see no objection to a demurrer to new matter in a reply. And this is undoubtedly the best way to settle a question of the sufficiency of a pleading.

Stewart agt. Travis and others.

The replication in this case, and indeed the pleadings on both sides, are in the most general form, full as much so as under the old system, which they substantially follow. It has been a question whether this is admissible under the Code. (*Van Santvoord's Pl.* 59, 129, 183, *et seq.;* 1 *Whittaker's Pr.* 309, *et seq.*) But if not, a motion to strike out is not the proper corrective, and I need not therefore examine this point very fully. My own impressions, however, have been, that the common counts, perhaps, with some variation, are still good. A direct allegation of the cause of indebtedness, as the loan of the money, sale of the goods, or performance of the work and labor, &c., &c., may be preferable to the former recital of indebtedness; but certainly, it must be enough for the plaintiff to state facts sufficient to create a legal obligation upon the part of the defendant, and such violation of that obligation as creates a cause of action; and I think this statement may be according to the legal effect of those facts. I do not see how such pleading can be demurrable, and the objection of variance would not prevail, unless we mean to give an illiberal construction to the Code. With very few exceptions, there is nothing in that statute that compels us to invent new modes of expressing the same legal proposition. If the pleader, in a case not of equitable jurisdiction, for that distinction is not, nor can it be abolished by the legislature, must now state all the evidence, and give a minute and voluminous history, and all the details of the rise and progress of a cause of action or defence; much of it may be pleasant as gossip, but such pleading must necessarily be a slow and perplexing mode of coming at the truth, especially by a trial by jury.

I shall give the plaintiff leave to amend his replication, or his complaint, as he shall be advised; and if he does neither, the defendant must have leave to demur to the reply; and that will put the parties in the way of having some of these vexed questions settled by the court of last resort.

Note.—This case was decided, and the opinion in the hands of the reporter before the case of *Allen agt. Patterson* (3 *Selden*, 476) was published.