# N. Y. CITY COURT.

### Joseph S. Cohn *et al.* agt. Joseph Husson.

*Answer — Reply — Code of Civil Procedure, sections* 500, 514 *— What reply to contain — Counter-claim.*

A plaintiff cannot, in his reply, plead an independent counter-claim to a counter-claim set up by the defendant.

*Special Term, December,* 1883.

McAdam, *J.* — The defendant besides pleading a defense to the note sued upon sets up a counter-claim against the plain-

tiffs for $750. The defendants in their reply, after pleading a defense to said counter-claim, set up an independent counter-claim against the defendant similar in amount to that pleaded by the defendant. The defendant moves to strike out this counter-claim as unauthorized by law. The Code (*sec.* 500) permits a defendant to plead, in addition to denials and other defenses, a statement of any new matter constituting a "counter-claim." The Code (*sec.* 514) provides that where "the answer contains a counter-claim the plaintiff, if he does not demur, may reply to the counter-claim." The same section provides that " the reply must contain a general or specific denial of each material allegation of the counter-claim controverted by the plaintiff; * * * and it may set forth in ordinary and concise language, without repetition, new matter not inconsistent with the complaint constituting a defense to the counter-claim." But I find nothing in this or any other section of the Code which permits a plaintiff to plead an independent counter-claim to one pleaded by the defendant. There is, therefore, no warrant for such practice. There is a recognized distinction between a defense and a counter-claim. A defense may be defined to be the denial of the truth or validity of the complaint. In other words, it may deny the truth of the complaint, or it may admit the truth thereof and dispute the continued existence of the claim by plea of payment or discharge, and by way of mitigating the amount of the recovery may allege facts in recoupment. A counter-claim is more comprehensive than defense, set-off or recoupment, and secures to a defendant the full relief which a separate action at law would have secured him on the same state of facts. The counter-claim pleaded is inconsistent with the complaint, because if the plaintiffs succeed in their defense to the defendant's counter-claim they may recover the amount of their counter-claim, and thus recover a larger amount than they demanded originally in their complaint. The question may well be asked, what kind of a plea would the defendant be required to interpose to the counter-claim in the reply since

the declaration, plea, replication, rejoinder, surrejoinder, rebutter and surrebutter of the former practice are not recognized by the Code as appropriate pleas? It follows, therefore, that the defendant's motion to strike out the counter-claim as unauthorized must be granted, with ten dollars costs, upon payment of which the plaintiffs may amend their reply in any form they may be advised, and without prejudice to any application the plaintiffs may elect to make to amend their complaint by including therein the cause of action pleaded as a counter-claim in their reply.