RIDER *et al. v.* FOGGAN.

(*Supreme Court, General Term, Fifth Department.* April 16, 1891.)

1. REVIEW ON APPEAL—FINDINGS OF REFEREE.
    On a reference of an action involving an accounting between partners, the conclusion of the referee in favor of plaintiffs, being supported by a clear preponderance of evidence, should be sustained on appeal.

2. COUNTER-CLAIM—FINDING FOR PLAINTIFF—ENHANCEMENT OF CLAIM.
    To a complaint setting forth a single cause of action for the price of a saw-mill, with the logs and timber therein, the answer set up, by way of counter-claim, that there had been a partnership between the parties, that it had been dissolved, that there were unsettled accounts between the partners, and a balance in favor of defendant, and demanded judgment for such balance. *Held,* that upon an accounting of such partnership affairs, showing a balance in favor of plaintiffs, they might have judgment for the amount thereof, although it exceeded the sum claimed in the complaint; such enhancement of plaintiffs' claim is "not inconsistent with the complaint," within the terms of Code Civil Proc. N. Y. § 514.

Appeal from judgment on report of referee.

Action by Victor Rider and another against Robert Foggan. Defendant appeals from a judgment for plaintiffs entered on trial by a referee. Code Civil Proc. N. Y. § 514, provides that a reply to a counter-claim may set forth "new matter not inconsistent with the complaint, constituting a defense to the counter-claim."

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*W. S. Thrasher,* for appellant.    *Mr. Morris,* for respondents.

MACOMBER, J.  This action is brought to recover the purchase price of a saw-mill, with the logs and timber thereon, under a sale by the plaintiffs to the defendant, made on the 25th day of January, 1875, the defendant to pay $1,300 therefor on the 28th day of February, 1875. The demand was for judgment of this sum, with interest. The answer of the defendant alleged that the plaintiffs and the defendant were copartners at the time of, and prior to, the making of this contract, engaged in a general lumber business, and jointly owned the saw-mill described in the complaint. It admitted the purchase of the plaintiffs' interest therein at the sum of $1,300 at the time stated. It then proceeded to allege that, during the continuance of the copartnership between the plaintiffs and the defendant, a large indebtedness had been incurred in the business, and that the defendant had advanced moneys in and about the conduct of the business largely in excess of the sum advanced by the plaintiffs. It also alleged that that the plaintiffs had appropriated a large quantity of the lumber and other property belonging jointly to the concern, and had cut a certain amount of cord-wood, for which they had not accounted to the defendant. All of these matters are set up by way of counter-claims. It was further alleged that the plaintiffs, though often requested, had refused and neglected to account for this property and advance of moneys. The answer then demanded an accounting between the plaintiffs on the one hand, and the defendant on the other, as such copartners; and further prayed that, after recouping under said counter-claims, so much as was necessary to extinguish the plaintiff's claim on the purchase of the saw-mill property, judgment would be taken for the balance against the plaintiffs in the sum of $2,000, and interest from April 1, 1875. These allegations of the answer were fully met by a reply interposed by the plaintiffs, which alleged affirmatively that the amount of money paid out by them in and about the joint business was greatly in excess of the money paid out by the defendant, to-wit, in the sum of $800. It contained a denial of any allegations of appropriating lumber, timber, or other property, and alleged that upon such an accounting it would be shown that the defendant was indebted to the plaintiffs, besides the claim mentioned in the complaint, at least in the sum of $830. The referee has found that the copartnership between the plaintiffs

and the defendant was formed on the 1st day of April, 1874, under the firm name of Rider Bros. & Foggan; that in the prosecution of the business of such concern they from time to time became the owners of real and personal property, exchanged and improved real estate, manufactured lumber, cut and peeled bark, sold wood, etc. The plaintiffs were equally interested with the defendant in this enterprise; that is to say, the plaintiffs were to furnish one-half of the capital, and were entitled to receive one-half of the profits of the business, and were bound to pay one-half the losses thereof; and the defendant was to furnish the other half of the capital, and receive the other part of the profits, or share the other half of the losses. On the 25th day of January, 1875, the defendant purchased of and received from the plaintiffs all their interest in certain property belonging to the firm, being a saw-mill and logs and timber situate on the premises where the mill was erected, and agreed to pay therefor the sum stated in the complaint, with interest. The referee further finds that before this action was begun all the personal property of the firm had been sold or appropriated to the individual uses of the several copartners, and that the business of the firm had terminated; and that since the beginning of this action, but before the trial thereof, all the real estate owned by the firm had been equally divided between the partners upon agreement and by proper conveyances. It is further found that the plaintiffs, in the prosecution of this enterprise, contributed to the business of the concern the sum of $3,988.57, over and above their receipts from such business, and the defendant had so contributed the sum of $2,636.13; thus allowing that the plaintiffs' net credit in the business exceeded the net credit of the defendant by the sum of $1,352.44, the one-half of which, namely, $672.22, he found the plaintiffs were entitled to recover in addition to the cause of action stated in the complaint.

The questions here litigated relate almost exclusively to matters of fact. A perusal of the testimony satisfies us that the referee has made a proper disposition of all of the questions presented. The accounts of the several parties were very voluminous, covering many pages in the appeal-book. A criticism has been made by the learned counsel for the appellant that the accounts of the plaintiffs were put in, as he calls it, at wholesale. But an inspection of the record shows that the account, which was but a transcript of the books of the plaintiffs when offered in evidence, was not objected to by the defendant, as not being competent or the best evidence of the claim made by them against the defendant upon the accounting, but the objection was solely directed to that part of the account which related to the transactions prior to the time when the defendant came into the concern. In the conclusion reached by the learned referee all the matters embraced by that objection were excluded, and no recovery has been had therefor by the plaintiffs. Moreover, the account of the defendant, also running through many printed pages, was likewise put in evidence without any objection by the plaintiffs. These several accounts being before the referee, the oral evidence was directed to an examination thereof, and to the exclusion of any portion of either, to which objection was successfully made. The conclusion to which he has arrived seems to be well supported by the clear preponderance of the evidence.

A legal proposition, however, has been made by the counsel for the appellant, which is to the effect that a new trial must be had because the referee has permitted a recovery by the plaintiffs of the sum of $672.22 more than they claim in the complaint. The argument which has been addressed to us upon this subject is, in brief, that the plaintiffs cannot set up a counter-claim against the counter-claim of the answer; and that, under section 514 of the Code, they are confined to a general or specific denial of any material allegation of the counter-claim, or they may set forth, in ordinary and concise language, without repetition, new matter not inconsistent with the complaint, constituting a defense to the counter-claim. In a word, the argument

is that the new matter in reply can only be used as a defense.  But this argument is fallacious.  It is time that the complaint set forth a single cause of action relating to a particular subject-matter of purchase and sale.  Had not the defendant turned the course of judicial inquiry in this action by the several defenses set forth in his answer, the plaintiffs undoubtedly would have been confined in their judgment to the cause of action there stated, and limited to a recovery according to the facts there alleged, unless an amendment of the complaint had been granted so as to enable them to recover a greater sum.  That proposition, however, has no relation to the facts developed in this case.  The defendant has opened the door into a full inquiry concerning the partnership dealings with the plaintiffs and the defendant, and has asked an accounting of such matters.  The answer has alleged, in substance, that the partnership between the plaintiffs and the defendant existed; that it had been dissolved; that there was unsettled accounts between the members of the concern; and that there was a balance in favor of the defendant, and that this was accompanied by a demand for a judgment for such balance.  Such allegations constitute a good cause of action when in a complaint, and equally in a counter-claim when in an answer.  *Ludington* v. *Taft*, 10 Barb. 447.  These allegations were sufficient to compel the plaintiffs to enter upon an examination of the partnership account.  Having done so, and having refuted the defendant's allegation that such an accounting would show a balance in favor of the defendant, and having shown, on the contrary, that such balance was in favor of the plaintiffs, the defendant is not in any position to complain of the result of the judicial inquiry for the beginning of which he was alone responsible.  The enhancement of the plaintiffs' claim thus made is "not inconsistent with the complaint," within the terms of section 514 of the Code of Civil Procedure.

Judgment appealed from should be affirmed.  All concur.