(11 Misc. Rep. 86.) GOOSSEN v. GOOSSEN.

(Common Pleas of New York City and County, Special Term. January, 1895.)

COUNTERCLAIM—PLEADING—REPLY.

Code Civ. Proc. § 514, which provides that a reply may set forth any matter, not inconsistent with the complaint, constituting a defense to the counterclaim, does not authorize plaintiff to set up in the reply a counterclaim arising out of a matter unconnected with the cause of action pleaded as a counterclaim by defendant.

Action by Herman Goossen against Kate M. Goossen. Defendant moves to strike out a counterclaim set up in the reply against a counterclaim pleaded in the answer. Granted.

Langbein Bros. & Langbein, for the motion.
McKoon & Luckey, opposed.

DALY, C. J. The counterclaim set forth in the reply does not arise upon any transaction pleaded in the answer, but upon an independent cause of action in favor of plaintiff against defendant, which would not be barred by an adjudication upon the issues raised by the answer. Section 514 of the Code prescribes what a reply must contain, viz.:

"Where the answer contains a counterclaim, the plaintiff, if he does not demur, may reply to the counterclaim. The reply must contain a general or specific denial of each material allegation of the counterclaim controverted by the plaintiff, or of any knowledge or information thereof sufficient to form a belief; and it may set forth in ordinary and concise language, without repetition, new matter not inconsistent with the complaint, constituting a defense to the counterclaim."

This provision does not authorize a counterclaim, in express words, nor is any authorized by implication from the permission granted to plead "new matter constituting a defense to the counterclaim," for new matter constituting a defense is distinguished in the Code from new matter constituting a counterclaim. Thus, in section 500, prescribing the contents of the answer, it is provided:

"The answer of the defendant must contain (1) A general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief. (2) A statement of any new matter constituting a defense or counterclaim, in ordinary and concise language, without repetition."

And in section 507 it is provided:

"A defendant may set forth in his answer as many defenses or counterclaims, or both, as he has, whether they are such as were formerly denominated legal or equitable. Each defense or counterclaim must be separately stated and numbered."

Therefore, the omission of the term "counterclaim" from the prescribed contents of the reply must be taken as conclusive of the intention of the legislature that counterclaims should cease with the answer, and that the plaintiff should be left to a new action upon any independent cause of action in his favor.    If the plaintiff were permitted to reply a counterclaim upon an independent cause of action, as against a counterclaim set up in the answer, then it would seem but just to allow the defendant, upon the trial, to defend by counterclaiming upon an additional cause of action in his favor; yet this practice was discountenanced by the supreme court.    Breed v. Padgett, 14 Wkly. Dig. 574.    I am of opinion that if the plaintiff has an offset to the defendant's counterclaim, growing out of the same transaction which constitutes the basis of the defendant's counterclaim, and which would be barred by an adjudication in favor of such counterclaim if the latter were the subject of an independent action, then in such case the offset might be pleaded as a full or partial defense in the reply, for the plaintiff is compelled to this course by the defendant's claim.    For that reason was the counterclaim allowed in Rider v. Foggan (Sup.) 14 N. Y. Supp. 59, growing out of the partnership dealings which defendant set up by way of counterclaim in the answer.    I am aware that in Miller v. Losee, 9 How. Prac. 356, it was held that the plaintiff might reply another cause of action as a set-off and defense to the defendant's set-off, and that that decision was followed in Stewart v. Travis, 10 How. Prac. 148, and in Hall v. Hall, 30 How. Prac. 51, and that the same view is taken in 1 Rumsey, Prac. 373, 2 Wait, Prac. 442, and in 2 Whitt. Prac. 197; but the contrary opinion was expressed by Barrett, J., in Hatfield v. Todd, 13 Civ. Proc. R. 265, following McAdam, J., in Cohn v. Husson, 66 How. Prac. 150.    With this conflict of authority upon the question involved, it is necessary to recur to the language of the Code, and adopt a construction which seems to accord with the intention of the framers of the law, which, for the reasons above given, I infer to be against the right of a plaintiff to counterclaim upon a cause of action unconnected with the cause of action pleaded as a counterclaim by defendant.    Motion to strike out counterclaim from reply granted.    No costs.

Motion granted, without costs.