## In re MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.  June 21, 1901.)

**1. EMINENT DOMAIN—LEASED PROPERTY—DAMAGES—AWARD TO TENANTS.**
Where, in proceedings to condemn leased property for public use, fee damages are assessed and awarded to the owner, any sum to which the tenants may be entitled for injury to their leasehold interest must be paid out of the amount assessed for the taking of the fee.

**2. SAME—EVIDENCE.**
The owner of a pier subsequently condemned by a city for public use leased it to a steamship company for five years, with privilege of renewal for a like term by giving written notice to the lessor on or before January 1, 1899. The lessee sublet a part of the pier for four years from May 1, 1894; and, before the expiration of such lease, condemnation proceedings were begun, to which such lessees were parties, in which no evidence was introduced to show that the leases had been renewed, or that the lessees had exercised their option to renew. *Held*, that the lessees were not entitled to share in the proceeds of the assessment for damages for the taking of the fee in the pier.

Laughlin, J., dissenting.

Appeal from special term, New York county.

Proceedings by the mayor, etc., of the city of New York to condemn and acquire pier 39, East river, for public use. From an order confirming a report of commissioners of estimate and assessment, assessing damages to the fee to the owner, the Screw Dock Company, and nominal damages to the Maine Steamship Company and to the Bridgeport Steamboat Company, lessees, they appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and LAUGHLIN, JJ.

James E. Kelly, for appellant.
Theodore Connoly, for respondent city of New York.
Wm. J. Kelly, for respondent Screw Dock Co.

PATTERSON, J.  This appeal is from an order confirming the report of the commissioners of estimate and assessment appointed in this proceeding which was instituted under condemnation proceedings begun by the city of New York, upon the petition of the department of docks, March 25, 1895. The proceeding was initiated upon notice to all parties interested, including the present appellants. Hearings were had before the commissioners on June 1, 1897, and were attended by all parties interested, including the appellants. The final report was made in November, 1900. The Screw Dock Company, the owner of the property, was awarded the sum of $291,680; that being the full value of the fee. The Maine Steamship Company and the Bridgeport Steamboat Company claim to be entitled to an award,—the former as lessee, and the latter as sublessee, of the Screw Dock Company of part of the premises in question. The two companies so claiming were awarded one dollar each. They appeal, contending that they should have been allowed in the aggregate $14,684, as the value of their unexpired terms, as such value was fixed by the testimony of an expert wit-

ness. The city has no interest in the appeal, other than confining the amount of an award to the fee value of the premises. It insists, and properly, that, if the tenants are entitled to an award, it must be out of the gross sum of $291,680 (In re New York & B. Bridge, 137 N. Y. 95, 32 N. E. 1054; In re Daly, 29 App. Div. 286, 51 N. Y. Supp. 576); it being conceded that that is the value of the fee. The tenant and subtenant or occupants of the pier, the present appellants, claim the right to a substantial award under these circumstances: On May 26, 1894, the Maine Steamship Company leased from the Screw Dock Company this pier for a term of five years at a rental of $12,000 per annum, with the privilege of renewal for an additional term of five years, provided written notice were given to the lessor on or before January 1, 1899. On May 28, 1894, the Maine Steamship Company sublet part of the pier to the Bridgeport Steamboat Company for four years from May 1, 1894, at an annual rental of $9,000, with provisions for renewal similar to those contained in the lease from the Screw Dock Company to the Maine Steamship Company. By the provisions of the lease and the sublease, therefore, the terms of those entitled to possession thereunder expired on the 1st of May, 1899. At that time this proceeding was pending, and these appellants were parties to it. The final report was not made until November, 1900,—more than 18 months after the expiration of the terms under the original lease and sublease. Meantime the appellants were in possession of the property. There is no evidence whatever to show that their leases were renewed, or that they exercised their option to renew by giving notice as required by the terms of their leases to the Screw Dock Company. It is therefore manifest that the commissioners of estimate and assessment could not have found that these appellants were entitled, under leases, to any substantial part of the gross award made for taking the fee of the premises. Indeed, the situation would indicate that any renewal that they might have demanded would have been subject to the city taking the property. But, at all events, the record is barren of any evidence upon which a substantial award could have been made for the dispossession of the appellants from the premises. Their terms having expired, no renewal of the leases having been shown, and no exercise of the privilege to demand a renewal appearing, and the appellants remaining in possession with full notice of, and being parties to, a proceeding on the part of the city to acquire the property, it is as reasonable a presumption as any that they remained in possession at sufferance, and not under a term granted by the owner by way of renewal of the lease, or of a new term for any fixed period. There were therefore no data before the commissioners upon which they could have made a substantial award to these appellants, and we are obliged to hear this appeal upon the evidence taken before the commissioners, and to determine it upon the merits, both as to matters of law and fact. Section 988, Greater New York Charter.

Without, therefore, considering other questions that have been discussed on the appeal, we conclude that, for the reasons above assigned, the order of confirmation must be affirmed, with costs.

VAN BRUNT, P. J., and McLAUGHLIN and HATCH, JJ., concur.

LAUGHLIN, J. (dissenting).   I think the report should not be confirmed.   The awards are required to be made, and the rights of the respective parties are to be determined, so far as the questions here presented are concerned, as of the date of the commencement of the eminent domain proceeding.   In re Public Parks, 53 Hun, 280–287, 6 N. Y. Supp. 650; Lewis, Em. Dom. § 477.   At that time the Maine Steamship Company had an unexpired term of more than four years under its original lease, with the right of renewal for five years longer.   Its time to elect to renew had not expired.   It was entitled, therefore, to have carved out of the entire award made to the owner the value of its lease, including the right to renew the same.   It does not affirmatively appear whether the Maine Steamship Company exercised the right to renew the lease. The proceeding having been commenced, this, of course, could not have been done as against the city.   The time to exercise the option to renew had expired, and the tenant was holding over, before any evidence was introduced with reference to the value of the unexpired leasehold.   The evidence as to the value of the lease for the renewal period was received without objection.   If, as against the landlord, the tenant, to entitle it to an award, should have formally given notice of its election to renew the lease, then this evidence, without proof of the giving of such notice, was inadmissible and immaterial.   The theory of the dock department, however, as shown by the proceedings before the commissioners, and as indicated by the opinion at special term, was not that the lessee had no rights, owing to its neglect to exercise its option to renew the lease, but that this was a destruction or change of the pier by the dock department, within the meaning of the clause of the lease which reads as follows:

"And it is further agreed and understood that in case the said wharf or premises hereby demised shall be destroyed or substantially changed by the direction and authority of the department of docks, or other parties by law having control of the wharves and piers and waters adjacent in the city of New York, then this lease shall cease and terminate, and the party of the first part shall not be liable in damages for such destruction or change. But the party of the second part does not hereby release its claim for damages against any other party or parties for any damages it may sustain."

I am of opinion that it is not the fair construction of this clause of the lease, and that it was not within the contemplation of the parties, to relieve the owner from sharing with the tenant a just proportion of an award made in an eminent domain proceeding by which the entire title to the property is acquired for public purposes.