FETT v. GREENSTEIN et al.

(Supreme Court, Appellate Term. March 21, 1905.)

PLEADINGS—REPLY—COUNTERCLAIM TO COUNTERCLAIM.

A complaint counted on a breach of contract of employment. The answer counterclaimed for money advanced. The reply alleged the rendition of services to defendants, and asked that the value thereof might be set off against any sum due defendants. *Held,* that the reply constituted a counterclaim to a counterclaim, and was unauthorized, under Code Civ. Proc. § 514, requiring a reply to a counterclaim to contain denials of the material allegations thereof, or new matter not inconsistent with the complaint, constituting a defense thereto.

Appeal from City Court of New York, Special Term.

Action by David Fett against Nathan Greenstein and others. From an order denying defendants' motion to strike out a paragraph of the reply, defendants appeal. Reversed.

Argued before SCOTT, O'GORMAN, and BLANCHARD, JJ.

H. B. Davis, for appellants.
Samuel S. Koenig, for respondent.

BLANCHARD, J. This is an appeal from an order denying a motion of the defendants to strike out a paragraph of the plaintiff's reply. The complaint sets forth a breach of contract of employment. The answer, among other things, sets up a counterclaim of $350 for money advanced. The plaintiff replies that in pursuance of the agreement set forth in the complaint he rendered services to the defendants of the value of $225, and asks that such sum may be set off against any sum that may be found due the defendants on their counterclaim. The defendants moved to strike out this set-off, and from the order denying the said motion this appeal is taken.

The allegation in the reply is a new cause of action by the plaintiff against the defendants for work, labor, and services performed amounting to the sum of $225. Practically, this is a counterclaim to a counterclaim, and is unauthorized under section 514 of the Code

of Civil Procedure. The remedy for the plaintiff on receipt of the answer setting up the counterclaim was to move for leave to amend the complaint. A case much in point is Fitzgerald v. Rightmeyer, 12 Misc. Rep. 186, 33 N. Y. Supp. 593.

The order appealed from must be reversed, with costs and disbursements. All concur.