WILLIAM I. PHILLIPS, Plaintiff, *v.* MANUFACTURERS TRUST COMPANY and Others, Defendants.*

Supreme Court, Special Term, New York County, October 9, 1940.

---

* Affd., 261 App. Div. 946.

*John B. Doyle,* for the plaintiff.

*Newman & Bisco* [*Leonard G. Bisco* and *Arthur A. Birkrant* of counsel], for the defendants.

MILLER, J. Although section 261 of the Civil Practice Act permits a defendant to set forth in his answer counterclaims as well as denials and defenses, section 272 of the Civil Practice Act permits a plaintiff to include in a reply only denials and defenses. Matter in recoupment or setoff must be pleaded as a counterclaim and not as a defense. (*Deeves & Son* v. *Manhattan Life Ins. Co.,* 195 N. Y. 324, 332–334; *Merry Realty Co., Inc.,* v. *S. & H. R. E. Co.,* 186 App. Div. 538, 542, 543; revd. on other grounds, 230 N. Y. 316.) It follows that the allegations of the reply to which the present motion is addressed, which are in the nature of matter in recoupment (*Seibert* v. *Dunn,* 216 N. Y. 237, 240), have been improperly included in the reply. (See, also, 3 Carmody on New York Practice, pp. 2173–2175; *Fett* v. *Greenstein,* 46 Misc. 574; *Young* v. *Dresser,* 137 App. Div. 313; *Baitzel* v. *Rhinelander,* 179 id. 735, 742, 743; 42 A. L. R. 568.) The language of the court in *Goossen* v. *Goossen* (11 Misc. 86), relied upon by the plaintiff, is distinguishable in that it limited the right to plead an offset in a reply to a situation in which the matter pleaded " would be barred by an adjudication in favor of such counterclaim." A judgment in favor of the defendant on its counterclaim on the promissory note of the plaintiff would not bar the latter from subsequently asserting his cause of action for the alleged conversion of the security. Moreover, even if the case in question were to be regarded as an authority in favor of the plaintiff, it cannot be followed in view of the language of section 272 of the Civil Practice Act and the authorities above referred to. The motion to strike out the alleged setoff is accordingly granted, without prejudice to a motion by plaintiff for leave to amend the complaint so as to set up as an additional cause of action the matter stricken from the reply.

To the extent that the cross-motion seeks leave to serve a supplemental reply to the counterclaim, it is denied, in view of the court's holding that a setoff may not be pleaded in a reply. In so far as a severance of the issues raised by the counterclaim and the reply and supplemental reply is applied for, the cross-motion is likewise denied, particularly in view of the elimination of the setoff from the reply and the denial of the motion for leave to serve a supplemental reply. That branch of the cross-motion which seeks to

strike out the counterclaim without prejudice to the bringing of another action thereon is also denied. No adequate justification for requiring the defendant to withdraw its counterclaim from the present action has been established, not to mention the fact that the defendant may not be able to obtain jurisdiction of the plaintiff in a separate action commenced by it in this State upon its counterclaim, by reason of the fact that plaintiff is a non-resident of the State.