Edgar J. Nathan, J.
This is an addendum to the original opinion herein (16 Mise 2d 1026) on issues held in abeyance pending a further hearing which has now been had. The issues here considered are those raised by plaintiff’s amended reply to defendant’s counterclaims.
*419 Under the terms of the separation agreement of November 29, 1932, as interpreted in the main opinion, the court found plaintiff entitled to recover the sum of $35,833.19 for unpaid monthly instalments due thereunder. It also found defendant entitled to a recovery on his “ First Affirmative Defense ”, which is technically a counterclaim, in the sum of $13,870.93* reducing plaintiff’s claim by way of recoupment to that extent. Plaintiff interposed an amended reply to defendant’s counterclaims, alleging among other defenses, the Statute of Limitations, and an offset for medical expenses due plaintiff under another provision of the separation agreement.
■ Defendant has moved to strike the latter defense on the ground that it is barred by the Statute of Limitations and also as a matter of pleading. The motion to strike should be granted upon both of the grounds urged.
Insofar as the Statute of Limitations is concerned, it is not disputed that more than six years have elapsed since the accrual of the claim for medical expenses and the commencement of this suit. Plaintiff contends, however, that the statute (Civ. Prac. Act, § 48) is not applicable since the separation agreement constitutes a mutual, open and current account within the meaning of section 56 of the Civil Practice Act. Such contention is without merit. The intent of the parties as expressed in the agreement as well as their conduct thereunder, negate any such intention. This was a continuing contract for support and maintenance, and the wife was permitted to bring suit on any claims thereunder, from time to time, as they became due (art. 2). The statute began to run when the claims accrued, and the fact that there might be rights by way of carryover or offset, under other provisions of the agreement, does not establish a mutual open and current account.
With respect to the propriety of pleading this claim in the reply, defendant contends that it would permit plaintiff to obtain affirmative relief on a claim which would be barred if asserted by way of amendment to the complaint or had it been included in the original complaint. Plaintiff argues that the plea in reply does not demand affirmative relief for unpaid medical expenses, but that it is asserted solely by way of defense or avoidance of the recovery in recoupment allowed defendant.
The right asserted by plaintiff is one that must necessarily be governed by the statute applicable to the pleading involved. Section 272 of the Civil Practice Act governs the contents of *420 a reply and provides as follows: 1 ‘ Where the answer contains a counterclaim, the plaintiff may reply to the counterclaim. The reply must contain a general or specific denial of each material allegation of the counterclaim controverted by the plaintiff, or of any knowledge or information thereof sufficient to form a belief; and it may set forth new matter not inconsistent with the complaint constituting a defense to the counterclaim. A reply may contain two or more distinct avoidances of the same defense or counterclaim.” It follows that a reply may contain only denials or defenses and may not contain a counterclaim (Cohn v. Husson, 66 How. Prac. 150; Hatfield v. Todd, 13 N. Y. Civ. Pro. Rep. 265). The allegations of the amended reply to which this motion is addressed alleges matter in the nature of recoupment. A plea by way of recoupment or setoff must be pleaded as a counterclaim, not as a defense, and consequently may not properly be included in a reply under section 272 of the Civil Practice Act (Phillips v. Manufacturers Trust Co., 175 Misc. 1009, affd. 261 App. Div. 946; see Ann. 42 A. L. E. 564, 568). While the claim asserted in the amended reply arises under the same contract, it does not relate to the particular matter set up in the answer and furthermore it is affirmative matter upon which a separate action could be maintained (Goossen v. Goossen, 11 Misc. 86). The case of Title Guar. & Trust Co. v. Hicks (283 App. Div. 723) and cases cited therein are inapposite.
The claim for medical expenses would be barred by the Statute of Limitations if asserted in the original complaint, or by way of an amended complaint. As the pleadings now stand, it is improperly pleaded in the reply.
There remain for consideration the other defenses properly pleaded in the amended reply. Under paragraphs 3 and 6 of article 3 of the separation agreement, defendant was entitled to deduct from his monthly payments prescribed income received by the wife or children. The recovery allowed defendant under tin's provision of the contract was clearly in the nature of a recoupment, and as such, is not barred by the Statute of Limitations (Matter of National Cash Register Co. v. Joseph, 299 N. Y. 200).
Accordingly, the motion to strike the alleged affirmative defense for medical expenses from the amended reply is granted. The other defenses asserted in the reply are held to be without merit.
Settle judgment for plaintiff in the sum of $21,962.26.

 This figure has been corrected by consent of the parties from the figure of' $13,696.33 used in the main opinion. All other objections to the figures as computed by the court are denied.