POWER AUTHORITY OF THE STATE OF NEW YORK, Appellant, *v.* ERNEST L. FADEL et al., Respondents.

Fourth Department, May 11, 1967.

*Thomas F. Moore, Jr.*, for appellant.

*Phelps, Gray, Mansour & Hewitt (Salem G. Mansour* of counsel), for respondents.

*Per Curiam.* Following a trial before Commissioners of Appraisal, respondents were awarded $101,477 for land owned by them and appropriated by appellant and the additional sum of $5,582 for the taking of certain riparian rights. Possession of the property was taken in 1959 and there followed two trials before the court as to the right of respondents to be compensated for certain rights and easements that attached to a portion of their lands. The determination that they were so entitled was subsequently affirmed by this court (21 A D 2d 854). Commissioners of Appraisal were eventually appointed in November, 1964.

In the interim and in January, 1960 appellant made an advance partial payment to respondents of $45,000. In September, 1961 an additional $15,000 was paid. This was done pursuant to a somewhat elaborate written stipulation that provided, among other things, that the payments should not furnish any indication of value '' nor shall any data, estimates or appraisals made or prepared by or on behalf of [the Authority] in support of such partial payment or otherwise be used by or be available to [claimants] or on the [claimants'] behalf on the trial of this

proceeding as any proof or indication of the value of the property ''.

Upon the hearing herein appellant called a real estate expert who expressed opinions as to values of the property. On cross-examination he was asked about an earlier appraisal made by the witness in 1958. Finally counsel inquired if the figure of the expert '' of $65,000 had been used by the Power Authority for purposes of making the statutory sixty percent prepayment? '' Following objection it appears there was '' Discussion off the record ''.

In opposing the motion to confirm the report of the Commissioners appellant's trial counsel submitted an affidavit in which it is stated that in the discussion '' off the record '' the Commissioners were told by claimants' trial counsel that $60,000 was the amount of the 60% payment, and that the commission would need to know these facts for the computation of interest. The record contains no denial under oath of this statement of appellant's counsel. While subsequently the Chairman of the commission stated that all this would be striken from the record we view these acts as highly erroneous and mandating a new hearing before new Commissioners.

In the first place these partial prepayments did not constitute a statutory prepayment (cf. Highway Law, § 30) but were within the sole discretion of the Authority. It had the right to make advance payments to the total amount that it considered the property to be worth. We view this cross-examination and ensuing statements of trial counsel to be highly prejudicial to appellant. One of the Commissioners was a layman and none was a jurist trained in rejecting and ignoring inadmissible but revealed proof. Significantly the amount of the award for the land ($101,477) is only slightly in excess of 100% of the erroneously claimed 60% advance payments. We have recently written on this subject and there said that the purpose of such advance payments '' could be frustrated and thwarted if partial-settlement offers are to be permitted in evidence and used as a basis for determination of value ''. (*Brummer* v. *State of New York,* 25 A D 2d 245, 249.)

Inasmuch as there must be a new hearing we direct attention to an inadequacy in the findings of the Commissioners herein. They found the highest and best use of the northerly 150 feet of one parcel to be for a service station; the remainder of that parcel and all of an adjoining parcel to be for motor hotel purposes. For all of this the value of $101,477 was fixed but there was no separation between the two parcels for which dissimilar uses had been found. Thus, an adequate review of the ultimate

finding of value in the light of the testimony of the several experts may not be had. The burden rests on Commissioners, as well as a trial court, to state their findings and conclusions in sufficient particularity so as to permit intelligent judicial review. (*Wineburgh* v. *State of New York,* 20 A D 2d 961; *Ahleim* v. *State of New York,* 21 A D 2d 747, and *Conklin* v. *State of New York,* 22 A D 2d 481.)

The final judgment and order should be reversed on the law and facts and the matter remitted to Niagara County Supreme Court, Special Term, for appointment of new Commissioners and a new trial, with costs and disbursements to appellant.

WILLIAMS, P. J., BASTOW, HENRY and DEL VECCHIO, JJ., concur.

Order and judgment unanimously reversed on the law and facts and matter remitted to Niagara County Supreme Court, Special Term, for appointment of new Commissioners and a new trial, with costs and disbursements to appellant.