■ AIRPORT LODGE OF ROCHESTER, INC., Respondent, v. BROOKS-BUELL, INC., Appellant.— Judgment unanimously affirmed, with costs. Memorandum: Trial Term held that because the lessee decided not to terminate the lease, the partial appropriation constituted a " widening " of Brooks Avenue and fell within an exception contained in paragraph 26 of the lease. The court concluded, therefore, that the lessee was entitled to an apportionment of the proceeds of the appropriation instead of an equitable reduction in the annual rental during the remaining 93 years of the term of the lease. Since the appropriation closed off all direct access to and from Brooks Avenue, it constituted more than a mere " widening " of Brooks Avenue, and so it does not fall within the lease exception. Nevertheless, the lessee is entitled to an apportionment of the appropriation settlement, since the provisions of the lease with respect to distribution of the proceeds of a total or partial appropriation of the subject premises grant to the lessee both the right to an apportionment of the proceeds between the lessor and the lessee and the right to an equitable reduction in the rent to reflect any loss of use occasioned by the appropriation. In a long-term lease, having over 90 years to run, where the danger of default by the lessee is minimal because of extensive improvements made on the property, the reversionary interest has little present value, and the lessor is entitled to a very minor part of the proceeds of an appropriation (*Clarkson* v. *Skidmore,* 46 N. Y. 297, 303; *Pekofsky* v. *State of New York,* 15 Misc 2d 358, 360; 1 Orgel, Valuation

Under Eminent Domain [2d ed], § 122; 4 Nichols on Eminent Domain, § 12.42 [3], p. 12-522). We agree with Trial Term that defendant lessor is only entitled to the rent reserved in the lease and to a sum from the proceeds of the appropriation properly related to its reversionary value as of the date of the appropriation; and we agree with trial court's computations, namely, that the lessor is entitled to receive from such proceeds the sum of $2,100 plus interest, and that the plaintiff lessee is entitled to receive the balance of such proceeds, to wit, the sum of $76,700 plus interest. (Appeal from judgment of Monroe Trial Term apportioning condemnation award.) Present — Goldman, P. J., Marsh, Witmer, Moule and Cardamone, JJ. [67 Misc 2d 235.]