■ YONKERS REALTY ASSOCIATES, Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent. (Claims Nos. 54102, 54106.) ANTHONY A. CASTELLANO et al., Appellants-Respondents, v STATE OF NEW YORK, Respondent-Appellant. (Claim No. 54477.)—Cross-appeals from judgments of the Court of Claims entered February 24, 1975, April 22, 1975 and April 23,

1975 which awarded claimants damages for the partial appropriation of two parcels of land on Central Avenue in the City of Yonkers pursuant to section 30 of the Highway Law. The judgments should be modified by reversal and remittance insofar as it awarded interest and, as so modified, affirmed. While it is true that the procedure utilized by the Court of Claims in determining the loss to the owner and subtracting that sum from the total damage to arrive at the damage to the leasehold was not technically correct *(Arlen of Nanuet v State of New York,* 26 NY2d 346, 355), nevertheless, in the instant case the result reached by the court should be upheld. In *Airport Lodge of Rochester v Brooks-Buell, Inc.* (40 AD2d 1077), which, as here, also involved a lease of over 90 years, the court held that "[i]n a long-term lease, having over 90 years to run, where the danger of default by the lessee is minimal because of extensive improvements made on the property, the reversionary interest has little present value, and lessor is entitled to a very minor part of the proceeds of an appropriation". Accordingly, the court concluded the lessor was only entitled to the rent reserved in the lease and to a sum from the proceeds of the appropriation properly related to its reversionary value as of the date of the appropriation (see 4 Nichols, Eminent Domain [3d ed.], § 12.42[3], p 12-552; 1 Orgel, Valuation Under Eminent Domain [2d ed.], § 122; *Department of Public Works and Buildings v Metropolitan Life Ins. Co.,* 42 Ill App 2d 378, 192 NE2d 607). The court, therefore, properly concluded on the instant record that the landlords had not adequately established a different apportionment mandated by the lease agreement. Nor do we find any basis for reversal or modification of the amount of the award of damages. At most are presented issues of fact, comparability and credibility which were for the resolution of the court whose award is within the range of the testimony *(Sapia v State of New York,* 33 AD2d 821). The award of interest, however, cannot stand on the presently constituted record. At the trial the State attempted to introduce partial payment agreements into evidence solely for the purpose of proving there should be a suspension of interest on the amounts stated in said agreements as of 30 days after the State sent closing papers to the claimants pursuant to the agreements. This offer of proof was rejected and so it should have been to establish market value *(Brummer v State of New York,* 25 AD2d 245) but not to establish that interest should be suspended *(Casamassima v State of New York,* 53 Misc 2d 680). The court's rejection of proof of the agreements for even this limited purpose on the ground that an unexecuted offer of partial payment does not unilaterally set in operation the suspension of interest overlooks the fact that suspension of interest was formally agreed to, and the delivery of closing papers which were unexecuted merely set the date of suspension. But there is also a clause in the agreements providing that interest will be suspended from the expiration of 30 days after the date of approval of the agreement by the Comptroller if such date is later than the date of delivery of the closing papers. The State has produced testimony only as to the date of delivery of the closing papers and not as to the date of approval by the Comptroller. Therefore, the matter must be remitted for the purpose of determining the date from which interest should be suspended. *Power Auth. of State of N. Y. v Fadel* (27 AD2d 398, affd 29 NY2d 790) is not factually apposite or controlling. Judgments modified, on the law and the facts, by reversing so much thereof as provide for interest on the awards to the respective claimants and matter remitted for determination of the question of interest, and, as so modified, affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Herlihy and Reynolds, JJ., concur.