BERTHA B. OLANDER, Appellant, v STATE OF NEW YORK, Respondent.

—Judgment unanimously affirmed, without costs. Memorandum: Claimant appeals from a judgment awarding her $32,160 plus interest for the State appropriation of 40.52 $\pm$ acres of land and 7.285 $\pm$ acres of permanent easements for highway purposes. The taking bisected a parcel of 95.579 $\pm$ acres of land owned by claimant, part of which bordered Chautauqua Lake. The main issue on this appeal concerns the method of appraisal. Claimant's appraiser separated the subject into a 4.5 acre parcel of developed lake front land and the undeveloped remainder land which had a lake frontage of 220 feet. The direct taking was from this remainder and the appraiser found that it had a value of $2,000 per acre for development into lots with common access to the lake. Much of this land was far removed from the lake, however, and separated from it by an existing limited-access highway and the projected nonaccess highway. The back land clearly had a different value than the acreage near the lake, and the court properly rejected claimant's appraisal. The State appraiser divided the property into the various segments created by existing roads and by a utility easement and assigned an appropriate value to each segment depending upon its particular characteristics and amenities (see *124 Ferry St. Realty Corp. v State of New York,* 48 AD2d 959). The court adopted this appraisal but found that the State's values for parcels A-4 and B, both located on the lake side of the highway, and parcels C and D, located on the far side of the highway, were too low since the parcels had access to the lake and the State value was based upon comparable properties which did not enjoy access to the lake. There was abundant evidence in the record that properties were more valuable with lake access, and the court correctly adjusted the State appraisal upward to reflect this increased value. The adjustments favored claimant and since the State does not contest the amount or the method by which the adjustments were made, we adopt the court's values. The other points raised by the claimant involve questions of fact and we accept the Trial Judge's findings on those issues. (Appeal from judgment of Court of Claims—appropriation.) Present—Moule, J. P., Cardamone, Simons and Dillon, JJ.