GLENN A. WINCHESTER, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 55317.)—Judgment unanimously modified, on the law and facts, in accordance with memorandum and, as modified, affirmed, without costs. Denman, J., not participating. Memorandum: The State appeals from a judgment of the Court of Claims which granted respondent an award for damages resulting from the appropriation of a portion of his property for construction of the Southern Tier Expressway near Lake Chautauqua. The subject property consisted of approximately 21 acres bisected by Route 17. The parcel west of Route 17 consisted of approximately 600 feet of undeveloped lake frontage. The property east of Route 17 had been improved by a residence, a barn and several other buildings. The State appropriated 11+ acres of the subject parcel east of Route 17 and a permanent easement for drainage purposes consisting of a strip of approximately 25 feet running from Route 17 to the lake. Because the State's appraiser assigned no value to the fact that the subject parcel had access to and a view of the lake, the court relied almost exclusively on the values submitted by claimant's appraiser. The State contends that some of the sales used by claimant's appraiser should have been rejected because proper adjustments were not made; however, the court specifically stated that it was not relying on the objectionable sales as comparables. Claimant's expert testified that he had used them only to illustrate the fact that property in proximity to the lake commanded a premium price. The court viewed the subject parcel and is generally familiar with property values contiguous to the lake, having tried similar appropriation cases in that area. (See, e.g., *Alm v State of New York,* 58 AD2d 1016; *Olander v State of New York,* 58 AD2d 998.) Inasmuch as the suitability of comparables and the extent of necessary adjustments are questions for determination by the trial court *(Levin v State of New York,* 13 NY2d 87, 92; *Yonkers Realty Assoc. v State of New York,* 52 AD2d 1014, 1015; *Sapia v State of New York,* 33 AD2d 821; *Argersinger v State of New York,* 32 AD2d 708), the court's determination, with one exception, should not be disturbed. The trial court awarded $650 in direct damages for the taking of an easement through a 100-foot access strip to the lake. The value of that common access strip before the taking was incorporated in the upward adjustment of the value of the development land to the east of Route 17 because of its proximity to the lake. Inasmuch as that strip was assigned no independent value and since the diminution in value of the development land had already been assessed, the award of $650 for the easement was duplicative. (Appeal from judgment of Court of Claims—

Appropriation.) Present—Moule, J. P., Cardamone, Simons, Dillon and Denman, JJ.