JULIUS REICHEL, Appellant, *v.* STANDARD RICE COMPANY, INC., Respondent.

(Submitted May 15, 1930; decided June 3, 1930.)

*Abraham P. Wilkes* and *John Bogart* for appellant. Upon delivery of the merchandise at the place of business of the defendant, title to the entire shipment passed to the defendant, subject to its right to rescind and reject if upon subsequent examination the goods were found not in accord with the sample. (*Glass & Co.* v. *Misroch*, 239 N. Y. 475; *Delaware, L. & W. R. R. Co.* v. *U. S.*, 231 U. S. 363.) Defendant failed to offer the unconditional return of the goods to the plaintiffs. On the contrary, defendant retained the goods and refused to return same unless upon condition that plaintiffs first replace the goods by other merchandise satisfactory to it or pay damages claimed to have been sustained by the defendant. Defendant, therefore, must be deemed to have accepted the goods both as to title and quality, notwithstanding the attempt to reject. (Pers. Prop. Law,

§§ 129, 131; *Reed* v. *Dandall*, 29 N. Y. 358; *Mason* v. *Smith*, 130 N. Y. 474; *White* v. *Schwertzer*, 221 N. Y. 461; *Fillmore* v. *Garvan, Inc.*, 97 Conn. 207.) Defendant must be deemed to have accepted the goods which it sought to reject, not only because of its refusal to unconditionally return the goods, but also because of its failure to examine the goods within a reasonable time, failure to give notice to the plaintiff within a reasonable time as to the number of or which of the bags it accepts and which it rejects, and because of its entire failure to examine a large portion of the shipment, almost ten thousand bags, and because of its improper retention of the bags. (*Chapman* v. *Ry. Co.*, 146 Mo. 481; *Primme* v. *Haren*, 27 Mo. 205; *Carp* v. *Queen Ins. Co.*, 105 Mo. App. 502; *Schoellkopf* v. *Coatsworth*, 55 App. Div. 329; *Paige* v. *Faure*, 229 N. Y. 114; *Frankfurt-Barnett Co.* v. *Prym Co.*, 237 Fed. Rep. 21; *Harmony* v. *Bingham*, 12 N. Y. 99; *Kilpatrick* v. *Germania Life Ins. Co.*, 183 N. Y. 163; *Neilson* v. *McDougal*, 6 Johns. Ch. 201; *Cowley* v. *Fabien*, 204 N. Y. 566.) The Court of Appeals has jurisdiction of this appeal and the plaintiff was entitled as of right to take his appeal from the judgment entered upon the decision of the Appellate Division, and was not required to give a stipulation for judgment absolute. (Civ. Prac. Act, § 588, subds. 1, 2; *Junkerman* v. *Tilyou Realty Co.*, 213 N. Y. 404; *Brown* v. *Feek*, 204 N. Y. 238; *Breed* v. *Ruoff*, 173 N. Y. 340; *Moulton* v. *Cornish*, 138 N. Y. 133.)

*Eli J. Blair* for respondent. The judgment should be affirmed for failure of the appellant to stipulate for judgment absolute, as required by section 588, subdivision 2, of the Civil Practice Act. (*Gross & Son* v. *State of New York*, 243 N. Y. 629; *Hiscock* v. *Harris*, 80 N. Y. 402; *Livingston* v. *City of Albany*, 161 N. Y. 602; *Tousey* v. *Hastings*, 194 N. Y. 79; *Van Slyck* v. *Woodruff*, 192 N. Y. 547; *Bates* v. *Holbrook*, 171 N. Y. 688; *Boyle* v. *N. Y., L. E. & W. R. R.*, 115 N. Y. 636;

*Matter of Mosher*, 185 N. Y. 435.) Plaintiff failed to prove a cause of action for purchase price. The sale was by sample. The goods delivered undeniably failed to correspond to the sample and were never accepted. (*Glass & Co.* v. *Misroch*, 239 N. Y. 475; *Phelps* v. *Willard*, 16 Pick. 29; *Carter, Macy Co.* v. *Matthews*, 220 App. Div. 679; 247 N. Y. 532; *Reichbart* v. *Smith-Eisemann Corp.*, 213 App. Div. 178; *Eagle Mfg. Co.* v. *Arkell & Douglas*, 197 App. Div. 788; 234 N. Y. 573; *Richardson* v. *Levy*, 69 Hun, 432; *Kaienle* v. *Klingman*, 24 Misc. Rep. 708; *Strauss* v. *Herr Drygoods Co.*, 164 N. Y. Supp. 77; *Central Mercantile Co.* v. *Graves*, 74 Kan. 718; *Rock Id. Plow Co.* v. *Meredith*, 107 Iowa, 498; *Perkins* v. *Bell*, 1 Q. B. 193; *Watkins* v. *Guthrie*, 38 So. Rep. 370; *Hardy* v. *Hillers*, 129 L. T. Rep. 674.)

HUBBS, J. The plaintiff's assignor, located at Newark, N. J., sold to the defendant, a corporation located at Houston, Tex., a quantity of rice bags. The sale was by sample. The order of the buyer which was accepted by the seller read as follows: " Replying accept sixty thousand twelve ounce rice pockets all to be bright clean free from holes, mends or patches at sixty seven dollars per thousand delivered Houston payment after receipt and examination."

The bags were shipped and when they reached the buyer's place of business it examined a part of them and then wrote the seller that they were not according to the sample, and stated " we would much prefer not to use the bags," and asked the seller to ship 60,000 of the quality sold. Thereafter, considerable correspondence took place, the seller insisting that the bags corresponded to the sample and the buyer insisting that they did not. Finally the seller wrote the buyer to sort the bags and to select those satisfactory to it and to pay for those selected and that shipping instructions would be given for those rejected. The buyer sorted 40,215 of the 49,600 bags

shipped and selected 14,215 as satisfactory and sent its check to the seller who accepted it. The buyer never sorted the balance of 9,446 bags.

This action is under subd'vision 1 of section 144 of the Personal Property Law (Cons. Laws, ch. 41) to recover the purchase price of all the bags shipped less the sum of $791.90 paid for the sorted bags which the buyer paid for. The plaintiff as assignee of the seller has mistaken his remedy. The original contract was one of purchase and sale subject to the right of examination by the buyer. Under that contract the title to the bags passed to the buyer subject to a condition, the right of " receipt and examination " as provided in the contract. (*Glass & Co.* v. *Misroch*, 239 N. Y. 475.)

After examining a part of the bags the buyer objected to the quality of the goods. Whether its objection constituted a valid rescission is immaterial in the view of the case which we take. The seller acquiesced in the position taken by the buyer and the parties entered into a new agreement to the effect that the buyer should examine all of the bags, accept and pay for such as it selected and hold the balance for the seller. Pursuant to such new agreement the buyer selected and paid for part of the goods and the seller attempted to sell the balance to third parties. The effect of the agreement and the conduct of the seller was to vest the title of the goods in the seller. The fact that the buyer failed to examine the balance of the goods and select and pay for those which it considered equal to the sample did not have the effect of transferring the title of the goods to the buyer. An action cannot, therefore, be maintained for the purchase price under subdivision 1 of section 144 of the Personal Property Law.

Appellant has appealed from the whole judgment. A stipulation for judgment absolute in the event that this court should affirm the judgment which granted a new trial of the counterclaim was not given by the appel-

lant as required by subdivision 2 of section 588 of the Civil Practice Act. The appeal having been taken as a matter of right, such a stipulation was necessary in order to give this court jurisdiction. (*Gross & Son* v. *State of New York*, 243 N. Y. 629.)

The judgment of the Appellate Division in so far as it dismisses the complaint should be affirmed, with costs, and the appeal from the order granting a new trial of the issues arising on the counterclaim dismissed.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgment accordingly.