In the Matter of the Estate of JOHN GELLATLY, Deceased. CHARLYNE GELLATLY, as Administratrix of the Estate of JOHN GELLATLY, Deceased, Appellant; UNITED STATES OF AMERICA, Respondent.

Argued April 8, 1940; decided May 28, 1940.

*Edward A. Alexander* for appellant. The Surrogate's Court Act neither in letter nor in spirit contemplates a limited jurisdiction over the petitioner in a compulsory accounting proceeding; and a petitioner for a compulsory accounting submits to the jurisdiction of the court for all purposes encompassed by the accounting. (*Matter of Raymond* v. *Davis,* 248 N. Y. 67; *Matter of Haigh,* 125 Misc. Rep. 365; *Matter of Gurevitch,* 166 Misc. Rep. 439; *Matter of Robinson,* 131 Misc. Rep. 21; *Matter of Bird,* 166 Misc. Rep. 786; *Matter of Haber,* 151 Misc. Rep. 82; *Matter of Winslow,* 151 Misc. Rep. 298; *Matter of Cook,* 244 N. Y. 63; *Matter of Lockwood,* 154 Misc. Rep. 233; *Matter of Folmsbee,* 149 Misc. Rep. 426; *Matter of Donnelly,* 157 Misc. Rep. 319; *Matter of Seaman,* 205 App. Div. 681.) The Surrogate's Court has complete jurisdiction over the United States government, which completely waived its right of sovereignty since it voluntarily commenced the accounting proceeding in said court and demanded affirmative relief. (*Matter of Raymond* v. *Davis,* 248 N. Y. 67; *Matter of Gurevitch,* 166 Misc. Rep. 439; *Walker* v. *United States,* 139 Fed. Rep. 409; 148 Fed. Rep. 1022; *American Propeller & Mfg. Co.* v. *United States,* 300 U. S. 475; *United States* v. *The Thekla,* 266 U. S. 328; *People* v. *Canal Board of New York,* 55 N. Y. 390; *Brundage* v. *Knox,* 277 Ill. 450; *Texas Channel & Dock Co.* v. *State,* 104 Tex. 168; *Port Royal & A. R. F. Co.* v. *So. Carolina,* 60 Fed. Rep. 552; *State* v. *Portsmouth,*

106 Ind. 435; *McClandish* v. *Com.*, 76 Va. 1002; *Com.* v. *Barker*, 126 Ky. 200; *State* v. *Schurz*, 143 Minn. 218.)

*John T. Cahill, United States Attorney* (*William L. Lynch* and *Edward J. Ennis* of counsel), for respondent. The United States may not be subjected in any court to a counterclaim which might result in an affirmative judgment against it. (*United States* v. *Nipissing Mines Co.*, 206 Fed. Rep. 431; *Reeside* v. *Walker*, 11 How. [U. S.] 271; *People* v. *Dennison*, 84 N. Y. 272; *People* v. *Corner*, 59 Hun, 299; 128 N. Y. 640; *People* v. *Greylock Construction Co.* 213 App. Div. 21; *People* v. *C. & W. Construction Co.*, 256 App. Div. 17; *Second Employers' Liability Cases*, 223 U. S. 1; *Guaranty Trust Co.* v. *United States*, 304 U. S. 126; *Swearingen* v. *United States*, 11 Gill & J. 373; *McNamee* v. *United States*, 11 Ark. 148.) The claim of the estate being in tort may not be asserted against the United States in any court, Federal or State. (*Gibbons* v. *United States*, 8 Wall. 269; *Schillinger* v. *United States*, 155 U. S. 163; *Basso* v. *United States*, 239 U. S. 602; *Pearson* v. *United States*, 267 U. S. 423; *Nassau Smelting & Refining Works, Ltd.*, v. *United States*, 266 U. S. 101; *Keifer & Keifer* v. *Reconstruction Finance Corp.* 306 U. S. 381.)

LEHMAN, Ch. J. John Gellatly died on November 9, 1931. Letters of administration upon his estate were issued on February 1, 1932. In May, 1938, the United States of America presented a petition in accordance with the provisions of sections 259 and 260 of the Surrogate's Court Act, praying for the judicial settlement of the accounts of the administratrix. The petition states that the petitioner's claim " is on account of income tax owing by decedent for the year 1930 in the amount of $7,044.53."

The right of the United States government to bring proceedings for the settlement of the accounts of the representative of a decedent in order to obtain payment of a claim for unpaid taxes or other indebtedness of the decedent is not disputed, but the administratrix, in answering the petition, has pleaded, in varying form, as thirteen separate setoffs and counterclaims, allegations that the United States

government wrongfully took and wrongfully retains a collection of paintings, valued at $4,000,000, which belonged to the decedent and which constitutes the principal asset of the estate of the decedent. The administratrix asked in the answer that the petition of the United States government be dismissed and that the United States government be directed to account for the paintings it holds. The Surrogate granted the application of the United States of America to compel the administratrix to account and denied the cross-application of the administratrix for the determination of her claim against the United States on the ground that the courts have no jurisdiction of such a claim against the United States. His order was unanimously affirmed by the Appellate Division.

The order entered upon the decision of the Appellate Division establishes the right of the United States of America to compel the administratrix to account. Until the accounting has been had and a decree entered upon the accounting there is no final adjudication of the right of the United States to compel the administratrix to pay its claim. The order entered upon the decision of the Appellate Division does, however, finally determine that the cross-application of the administratrix for affirmative relief against the United States must be dismissed. No adjudication upon the merits of the counterclaim or cross-application of the administratrix against the United States can be made upon the accounting and the decree entered upon the accounting will embody the adjudication only upon the right of the United States to compel payment of its claim. The decree of the Surrogate and the order of the Appellate Division effectually sever the cross-application of the administratrix from the application of the United States. Since the proceeding initiated by the United States has not yet been finally determined, no appeal to this court from the decision of the Appellate Division ordering the administratrix to account may be taken without leave of the Appellate Division. The cross-application of the administratrix has been determined as effectually as if a separate order had been entered and the administratrix

has properly appealed by permission of this court from the order of the Appellate Division dismissing the cross-application. (*Reichel* v. *Standard Rice Co.*, 254 N. Y. 86; Cohen, Powers of New York Court of Appeals, § 12.)

After the decision of the Appellate Division in this case was rendered the Supreme Court of the United States authoritatively decided that the United States does not, by filing a claim in a State probate court, subject itself to allowance by the State court of a cross-claim against itself. (*United States* v. *Shaw*, 309 U. S. 495, decided March 25, 1940. Cf. *United States* v. *U. S. Fidelity & Guaranty Co.*, 309 U. S. 506, decided the same day.) The administratrix does not challenge the authority of those cases but urges that even though the Surrogate properly dismissed her cross-application for affirmative relief, the facts alleged in the application may be shown as an offset or credit due from the United States government.

Doubtless in some cases counter demands may be asserted against the United States by way of defense and credit even through no independent action could be brought against the United States. (Cf. *Bull* v. *United States*, 295 U. S. 247; *People* v. *Dennison*, 84 N. Y. 272.) We cannot, upon this appeal from the order dismissing the counter-application for affirmative relief, determine whether the facts alleged would, if proven, upon the accounting, defeat or diminish the claim of the United States. As we have said, the proceedings for the enforcement of the claim of the United States are still pending and any decision of the courts below upon issues of fact or law in that proceeding are interlocutory only and are not subject to review now. The severance of the cross-application is complete and our power of review extends no further than the dismissal of the cross-application for affirmative relief.

The order of the Appellate Division should be affirmed, without costs.

LOUGHRAN, FINCH, RIPPEY, SEARS, LEWIS and CONWAY, JJ., concur.

Order affirmed.