In the Matter of NATIONAL CASH REGISTER COMPANY, Appellant, against LAZARUS JOSEPH, as Comptroller of the City of New York, Respondent.

Argued March 2, 1949; decided May 19, 1949.

*Arnold E. Monetti* for appellant. Petitioner is entitled to assert its claim for refund and to recoupment in the amount thereof though otherwise barred by the one-year provision for filing claims for refund contained in the local law where respondent has himself opened the question of petitioner's tax liability by determining a deficiency against petitioner for the same tax period. (*Bull* v. *United States,* 295 U. S. 247; *Stone* v. *White,* 301 U. S. 532.)

*John P. McGrath, Corporation Counsel (Isaac C. Donner, Bernard H. Sherris* and *Janet H. Lewin* of counsel), for respondent. Petitioner is not entitled to credit for the amount of its refund claim against the tax assessment by way of recoupment or of setoff. Since petitioner has failed to comply with the conditions prescribed by the city sales tax laws and regulations for refund or credit in the precise situation presented by its refund claim, it is not entitled to credit therefor, and the comptroller is without authority to allow it. Since the transactions and events out of which the refund claim arose are entirely separate and distinct from those upon which the tax assessment is based, it cannot, in any event, claim recoupment, and setoff is barred by the Statute of Limitations. (*Matter of Hoople,* 179 N. Y. 308; *People ex rel. Edison Elec. Illuminating Co.* v. *Wemple,* 133 N. Y. 617; *Buckles* v. *State of New York,* 221 N. Y.

418; *Winter* v. *City of Niagara Falls,* 190 N. Y. 198; *Matter of Parmelee Motor Fuel Co.* v. *McGoldrick,* 185 Misc. 965, 269 App. Div. 683; *People ex rel. Northchester Corp.* v. *Miller,* 288 N. Y. 163; *People ex rel. Huff* v. *Graves,* 277 N. Y. 115; *Matter of City of New York* [*Elm St.*], 239 N. Y. 220; *Rothensies* v. *Electric Storage Battery Co.,* 329 U. S. 296; *Hall* v. *United States,* 43 F. Supp. 130, 316 U. S. 664.)

LOUGHRAN, Ch. J. This proceeding in the nature of certiorari was brought under article 78 of the Civil Practice Act against the Comptroller of the City of New York by the National Cash Register Company, a foreign corporation which at the times here in question was doing in this State a business in the course of which it sold and delivered cash registers and other machines in the city of New York. For convenience, that company will be called the vendor.

Two causes of action are set forth in the petition. The first cause requests review of a determination of the comptroller, dated December 27, 1945, which assessed against the vendor a deficiency of city sales taxes in the sum of $45,728.20 for the period September 1, 1935, to December 31, 1940. The second cause requests review of another determination of the comptroller, dated January 24, 1946, which denied a claim made by the vendor for a refund of $11,576.70 of city sales taxes which it paid to the comptroller in the period April 1, 1936, to September 30, 1940.

Applications for refunds of sales taxes erroneously, illegally or unconstitutionally collected by the City of New York must be lodged with the comptroller within one year from the payment thereof (Administrative Code of City of New York, § N41–8.0, subd. a). The refund claim here asserted by the vendor in its second cause of action was filed on January 29, 1943, which was more than three years after the one-year Statute of Limitations had run against that claim. Because of that delay, Special Term struck out the second cause of action for insufficiency in law (see Civ. Prac. Act, § 1293) and ordered that the petition of the vendor should thereafter consist only of the first cause of action alleged therein. The order of Special Term thus completely severed the second cause of action from the first cause. The Appellate Division affirmed, two Justices

dissenting. Since the order of affirmance was a final determination of the insufficiency of the second cause of action and was made by a divided vote, the vendor has now properly appealed from that order to this court as of right (see Civ. Prac. Act, § 588). The dissenters in that court said: " As respondent [comptroller] has opened the question of petitioner's sales tax liability and determined a deficiency for past years, it seems to us that petitioner should be entitled to set off, against any deficiency finally determined, the amount of any overpayment of sales taxes made during the period under review, although petitioner did not file a timely refund claim." (274 App. Div. 920.) We are of that opinion.

" *Recoupment* " means a deduction from a money claim through a process whereby cross demands arising out of the same transaction are allowed to compensate one another and the balance only to be recovered (*Ives* v. *Van Epps,* 22 Wend. 155, 156–157; *Peuser* v. *Marsh,* 218 N. Y. 505). Of course, such a process does not allow one transaction to be offset against another, but only permits a transaction which is made the subject of suit by a plaintiff to be examined in all its aspects, and judgment to be rendered that does justice in view of the one transaction as a whole. (*Rothensies* v. *Electric Storage Battery Co.,* 329 U. S. 296, 299; *Village of Charlotte* v. *Keon,* 207 N. Y. 346; see *Bull* v. *United States,* 295 U. S. 247; cf. *Lewis* v. *Reynolds,* 284 U. S. 281.)

Here the city reopened the matter of the sales tax liability of the vendor for the period September 1, 1935, to December 31, 1940, and assessed a tax deficiency against it for that period. The vendor, as we think, was thereby given an equitable right to plead against the city a recoupment claim for taxes of the same type which the vendor (as it alleges) had erroneously paid to the comptroller in the same period.

The orders should be reversed, with costs in all courts and the matter remitted to Special Term for further proceedings not inconsistent with this opinion.

Lewis, J. (dissenting). My dissent is prompted by my belief that the decision about to be made herein will weaken the administration of those statutes by which the collection and refunding of taxes are governed.

The sales tax law of the city of New York, here involved, grants to the comptroller authority to refund taxes in those instances only where applications for refund have been made within one year from the date of payment (Administrative Code of City of New York, § N41–8.0, subd. a). The taxes here in suit were paid between April 1, 1936, and September 30, 1940. It is conceded however that the application to the comptroller for refund or credit was not made until January 29, 1943. Indeed, a copy of the petitioner's claim for refund annexed to the amended petition contains the following statement: *"No claim was filed within the one year period, but taxpayer contends* that since the City has conducted its audit to determine the true tax liability, *it is entitled to a refund or a credit against any proposed assessment "* (my emphasis).

This court has had occasion to hold that the right to a refund of a tax illegally assessed is not a vested right but a privilege, the extent and duration of which depends upon the language of the statute conferring it. (*Matter of Hoople,* 179 N. Y. 308, 312.) Knowing, as we do, that the power of the respondent comptroller to grant a refund of a tax collected or to offset the payment thereof is strictly limited by the local law mentioned above, I find it difficult to believe that fairness to the appellant taxpayer — even though its position may present a persuasive appeal in equity — should dictate recoupment where, as we have seen, the taxpayer concedes that it failed to comply with the statutory limitation of one year. Lacking statutory power to grant either a refund or offset of taxes paid more than a year prior to the application for refund, the comptroller's denial of that application, as I view it, was proper (*Matter of Hoople, supra,* p. 312). Furthermore, I think the propriety of the comptroller's refusal to grant a refund in this case is reinforced by the fact that the taxpayer's claim for refund under its second alleged cause of action arose out of transactions which are *not the same* as those upon which is based the deficiency assessment which is the subject of the first cause of action. That circumstance, in my opinion, defeats the appellant's right to the recoupment it seeks (*Rothensies* v. *Electric Storage Battery Co.,* 329 U. S. 296, 299–303).

Accordingly, I dissent and vote to affirm the order of the Appellate Division.

CONWAY, DESMOND, FULD and BROMLEY, JJ., concur with LOUGHRAN, Ch. J.; LEWIS, J., dissents in opinion in which DYE, J., concurs.

Orders reversed, etc.