S. Samuel Di Falco, S.
The petition of the accounting successor executrix asks that the compensation of her attorney for all legal services rendered to the estate be fixed in the total sum of $10,000, and that the compensation of the certified public accountant be fixed in the total sum of $1,925. The United States, as a creditor, objects to the allowance of the compensation in the amounts requested. The attorney was also counsel to the now deceased executrix and his services cover the entire estate administration.
The attorney was required to render not only the normal services in the probate of the will, in the tax proceeding, in the general administration of the estate and in the final accounting, but he was required to render services in a proceeding for the judicial settlement of the account of trustees of a trust in which the decedent had an interest and also very substantial services in the Tax Court and in the Court of Appeals in relation to an income tax deficiency assessment. While it is true that the estate was successful in the tax appeals only to a very minor degree, the question was a substantial one and elicited extended comment in the opinions filed in both courts. The court fixes the reasonable compensation of the attorney for all services rendered in the administration of the estate, for all services rendered in connection with the claim of the decedent’s interest in the other trust fund, for all services rendered in connection with the tax proceedings and appeals in the total sum of $8,500. Against this sum there is to be deducted the money paid on account of the fee and also the sum which, by stipulation, is to be charged against the total fee. The court fixes the reasonable compensation of the certified public accountant in the total sum of $1,650, from which there is to be deducted the sums paid on account.
The following rulings are made on the objections filed by the United States: The first and second objections relate to the compensation requested by the attorney and the accountant and have been disposed of by the fixation of their fees. The third objection is directed to the rejection of the Government’s claim for interest, the executrix having originally taken the position that interest begins to run as of May 5, 1955. That objection is now conceded by the executrix in her brief, and it is accordingly sustained.
The fourth objection is to rejection of part of the claim of the Government. The executrix contends that the full claim *805 should be reduced by an equitable setoff in the sum of $5,592.75. It is not disputed that total payments were made in that amount in 1948 and 1950 on amended tax returns for the years 1933 through 1945. The estate had contended that a distribution received under a decree on accounting in 1947 should have been taxable in those years. The Government, on the other hand, contended that the entire sum was taxable in 1945. The Government was ultimately successful in establishing its claim. It, therefore, appears, and it is not disputed, that certain items of income have been twice taxed. The executrix asks the court to apply equitable principles and to set off these payments against the Government’s present claim. The Government’s position is that the estate was required to apply for a credit or refund in accordance with the provisions of sections 1311-1315 of the Internal Revenue Code, and that its time to do so having lapsed, this court has no power to allow the credit. It appears to be conceded that $268.09 was actually taken into account in fixing the 1945 tax deficiency, with the result that the estate’s maximum claim to a setoff would be limited to $5,324.66.
In Bull v. United States (295 U. S. 247, 260-261), the Supreme Court said:
“In a proceeding for the collection of estate tax, the United States through a palpable mistake took more than it was entitled to. Retention of the money was against morality and conscience. But claim for refund or credit was not presented or action instituted for restitution within the period fixed by the statute of limitations. If nothing further had occurred Congressional action would have been the sole avenue of redress.
“In July, 1925, the Government brought a new proceeding arising out of the same transaction involved in the earlier proceeding. This time, however, its claim was for income tax. The taxpayer opposed payment in full, by demanding recoupment of the amount mistakenly collected as estate tax and wrongfully retained. Had the Government instituted an action at law, the defense would have been good. The United States, we have held, cannot, as against the claim of an innocent party hold his money which has gone into its treasury by means of the fraud of their agent. * * * While here the money was taken through mistake without any element of fraud, the unjust detention is immoral and amounts in law to a fraud on the taxpayer’s rights. * * * A claim for recovery of money so held may not only be the subject of a suit in the Court of Claims, * * * but may be used by way of recoupment and credit in an action by the United States arising out of the same transaction.”
*806 In United States v. Shaw (309 U. S. 495) and in United States v. United States Fid. & Guar. Co. (309 U. S. 506), the court held that cross claims which would result in a money judgment against the United States could not be asserted except in accordance with statutory permission. Both decisions, however, seem to recognize the right of recoupment that would in effect result in a dismissal of the claim of the United States (p. 504) or in the allowance of a counterclaim in an amount equal to the principal claim (p. 511). Bull v. United States (supra) was cited without criticism in those decisions. In Rothensies v. Electric Battery Co. (329 U. S. 296), an attempt was made to set off against an income tax liability the amount of excise taxes for which the taxpayer could not claim a refund because of the Statute of Limitations. The income tax assessment had nothing at all to do with the matters alleged in the setoff. The Supreme Court referring to the decision in Bull v. United States, said that the essence of the doctrine of recoupment, as stated in that case, was that the defense was one arising out of some feature of the transaction on which the plaintiff’s claim was based. The court continued: “It has never been thought to allow one transaction to be offset against another, but only to permit a transaction which is made the subject of suit by a plaintiff to be examined in all its aspects, and judgment to be rendered that does justice in view of the one transaction as a whole ’ ’ (p. 299). Referring to two cited cases where setoff had been allowed, the court remarked that in both of them a single transaction constituted the taxable event which was the basis of the claim and the recoupment. ‘1 In both, the single transaction or taxable event had been subjected to two taxes on inconsistent legal theories, and what was mistakenly paid was recouped against what was correctly due ” (p. 300; see, also, Matter of Gellatly, 283 N. Y. 125, 129; Matter of National Cash Register Co. v. Joseph, 299 N. Y. 200, 203; Income Taxes — Refunds, 74 Harv. L. Rev. 1466).
The principle announced in Bull v. United States (supra) is an equitable and just one, holding the Grovernment to the same standards of honesty that individuals are compelled to observe. Neither the estate nor the Grovernment has argued the matter on the principles of the Bull decision, the former relying upon the equitable powers of the Surrogate and the latter upon the Statute of Limitations. There may be reasons why the principle will hereafter be limited by the Supreme Court, rather than extended. There may be some disposition to confine the doctrine of recoupment to Federal courts; there may be some *807 feeling that the liberalization of the procedure for refunds might make the equitable doctrine unnecessary; there may be an imposition of artificial restrictions on its use. As applied to this case, however, the doctrine is so palpably equitable and just that this court will not seek to impose arbitrary restrictions upon its application.
There is a further reason why equitable principles should be applied here. The Government seeks the aid of the court, through the exercise of its equitable powers, in compelling repayment by other creditors and distributees in order to effectuate the Government’s primary preference. It cannot in good conscience ask a court of equity to assist it in collecting twice for the same debt while denying bona fide creditors from any participation at all. He who seeks equity must observe the ordinary rules of honesty and fair dealing. The objection to the equitable setoff in the sum of $5,324.66 is, therefore, overruled.
The amended objections filed by the United States are disposed of as follows: The first objection is sustained. The second objection is identical with original objections 1 and 2 and requires no separate ruling. The third objection is sustained, and a surcharge of $500 will be made against the estate of the deceased executrix. The estate of the deceased executrix does not dispute the fourth objection, and it is sustained. It is agreed that the sum of $500 paid to the attorney will be credited upon the amount due him for services rendered to the estate. The balance of $2,147.70 represents payments to creditors without satisfying first the preferred claim of the United States. No reason has been advanced in justification of the action of the deceased executrix and it is not disputed that this sum must be surcharged against the estate of the deceased executrix. The fifth objection is sustained, and the estate of the deceased executrix will be surcharged in the total amount distributed to legatees. If the objectant wishes to recover from those to whom distributions have been made (Surrogate’s Ct. Act, § 267), supplemental citation shall be served upon such persons.
The deceased executrix was entitled to the exempt property under the statute in effect at the date of the decedent’s death. Her right to that sum is not disputed.
Objections to the account have been filed by Muriel P. Dula, but she did not appear at the hearings. Her objections are dismissed.