Marshall E. Livingston, J.
This is a motion by the plaintiff (RTS) for summary judgment against the defendant (TWA) upon the grounds that TWA failed to properly file a notice of claim within 90 days after the alleged cause of action occurred and did not commence its action within one year and 30 days thereafter, pursuant to subdivision 2 of section 1299-rr of the Public Authorities Law.
TWA cross-moves for an order permitting it to correct, or disregard the defects in its notice of claim on the grounds of waiver by RTS and lack of prejudice to it, and for such other and further relief as may be proper.
The background briefly is that during October, 1974, RTS furnished its service to TWA for charter flight passengers from Rochester to Niagara Falls International Airport. The charge was about $2,000 for two occasions on October 14 and 18, 1974. On the first trip RTS bus No. 504 was backing up to a TWA charter flight when it struck the aircraft causing damage. According to the amended answer the damage amounted to some $5,700. On November 7, 1974 and on January 9, 1975 TWA wrote letters to an officer of RTS making a claim for the damage. In my judgment, it is unnecessary to reach the question of whether or not the letters and subsequent conduct of the parties constituted a valid notice of claim to RTS, a public corporation, pursuant to section 50-e of the General Municipal Law.
RTS did nothing about the alleged claim of TWA, and finally on February 6, 1976, nearly 16 months after the incident, brought this action against TWA for the unpaid rentals during the week of October 14, 1974.
TWA’s answer contained a "counterclaim in the amount of $2,500”, according to RTS’s interpretation. Actually the wording of both the original and the amended answer was identical, except that the amended pleading set forth the damages *1013 to the plane at $5,783.74 instead of the $2,500 claimed in the original answer.
The amended answer pleads "As and for an Affirmative Defense Setoff, Counterclaim and Recoupment, Defendant Alleges That”, and the last paragraph seeking relief states: "WHEREFORE, defendant Trans World Airlines, Inc. demands judgment as follows: (1) that plaintiff take nothing from its complaint herein; (2) that plaintiff’s complaint be dismissed by reason of defendant’s affirmative defense, setoff, counterclaim and recoupment; and (3) that defendant recover the costs and disbursements of this action.”
Thus it is apparent that the relief sought by TWA is not for damages per se on a straight counterclaim as RTS asserts, but rather a counterclaim in the nature of a recoupment (see 5 Carmody-Wait 2d, NY Prac, § 31:2).
As pointed out in Carmody-Wait 2d (supra) in "setoff”, both claims had to arise in contract, but not necessarily arising out of the same transaction. A setoff is a money demand against the plaintiff arising out of a contract which is independent and not connected with the plaintiff’s suit.
In sum, it is like an apple grower suing a vineyardman for apples sold him, and the grape grower claims a setoff for grapes he sold the appleman the year before.
"Recoupment” by the defendant, on the other hand, must arise out of the same transaction and seeks an abatement of the plaintiff’s claim. Although the defendant’s claim for abatement arises out of the same transaction wherein plaintiff’s claim arose, it may be founded in tort, as here, even though the plaintiff’s claim is in contract.
TWA is not counterclaiming for the excess of the $5,700 over the $2,000 owed by TWA to RTS. In essence it has abandoned its claim for damages. However, it is unnecessary for TWA to perfect a valid claim under the General Municipal Law and Public Authorities Law against RTS in order to use the damages for recoupment purposes.
CPLR 203 (subd [c]) provides in part: "[E]xcept that if the defense or counterclaim arose from the transactions, occurrences, or series of transactions or occurrences, upon which a claim asserted in the complaint depends, it is not barred to the extent of the demand in the complaint notwithstanding that it was barred at the time the claims asserted in the complaint were interposed.” (See, also, McLaughlin, Practice *1014 Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 203, p 119).
In my opinion the above-quoted portion of CPLR 203 specifically applies to the situation here, assuming as I do, arguendo, that subdivision 2 of section 1299-rr of the Public Authorities Law tolled the Statute of Limitations against TWA at one year and 30 days and thus the claim for damages was dead, regardless of whether or not the notice of claim was valid (cf. Matter of National Cash Register Co. v Joseph, 299 NY 200; Long Beach Trust Co. v Warshaw, 264 NY 33.1).
No action was brought by TWA against RTS, and the assertion of the defense of recoupment may not be considered as such an action (Long Beach Trust Co. v Warshaw, supra; Kress v Central Trust Co., Rochester, N. Y., 246 App Div 76, 78, 80). Furthermore where the defense is founded upon equitable principles, filing of a notice of claim is unnecessary (Accredited Demolition Constr. Corp. v City of Yonkers, 37 AD2d 708; Matter of National Cash Register Co. v Joseph, 299 NY 200, supra).
Accordingly, plaintiff’s motion for summary judgment is denied, and defendant’s cross motion to correct its notice of claim is also denied, inasmuch as the same is immaterial by reason of the affirmative defense of recoupment which has been asserted in the amended answer.