In the Matter of MOBIL OIL CORPORATION, Petitioner, v STATE TAX COMMISSION, Respondent.

Third Department, June 15, 1978

**APPEARANCES OF COUNSEL**

*Guggenheimer & Untermyer (Jerome R. Hellerstein* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General (Nigel G. Wright* and *Ruth Kessler Toch* of counsel), for respondent.

**OPINION OF THE COURT**

HERLIHY, J.

The petitioner is a distributor of motor fuel and pursuant to the provisions of section 287 of the Tax Law (all statutory references hereinafter are to the Tax Law) it is required to report the number of gallons sold and pay the tax imposed by article 12-A on such gallonage monthly, "except that, where a distributor has purchased motor fuel prior to the expiration of the period covered by the return, upon which the taxes imposed by this article have been or are required to be paid by another distributor, a *credit* shall be allowed for the amount of such taxes." (Tax Law, § 287; emphasis added.)

The petitioner failed to take this credit for "tax paid motor fuel" when computing and paying the monthly tax for the monthly periods of September and October, 1970, June through September, 1971, and January, 1972, thus overpaying the tax due for such monthly periods. The petitioner applied the overpayment-credits as credits on returns filed in 1972 for the 1970 overpayments; in 1973 for the 1971 overpayments; and, in 1974 for the 1972 overpayments.

A field audit of the petitioner's business was conducted and based thereon, the Miscellaneous Tax Bureau caused to be

issued on July 3, 1974 a notice "to file a corrected or sufficient return of tax due under motor fuel tax law." (See Tax Law, § 288. [All references to this section hereinafter are as it existed prior to amendment by section 1 of chapter 507 of the Laws of 1977].) Attached to the notice was a "Schedule of Tax Changes" and it shows that in addition to gallonage being increased either because of a disallowance of a claim of nontaxablity or a failure to report, there were adjustments made based upon the credits taken by the petitioner upon its *1973* and *1974* returns as well as a disallowance of a portion of certain of the credits for sales in 1970, but taken on the November, 1972 tax return.

By a letter and attachment dated November 18, 1974, the respondent advised the petitioner that the assessment would be reduced as to certain items representing certain sales, but that as to the monthly overpayments in 1970, 1971 and 1972, the total gallonage-credit claimed by petitioner for overpayment would be disallowed as such item would be a claim for refund and each was time-barred by the provisions of section 289-c (Refunds) which impose a time limitation of two years for refunds (subd 6). This position as to the credits being time-barred was reaffirmed in a letter of January 15, 1975 from the counsel of respondent to the petitioner. However, the record demonstrates that in fact the petitioner was being given a credit for overpayments on a *monthly* basis, i.e., an overpayment of tax for *a month* in the years 1971 or 1972 was allowed as a credit against a deficiency in tax paid assessment for the returns filed for the *same month* as the overpayment.

The petitioner requested a hearing and the Tax Commission has found that the petitioner is now seeking to recover for the payment of moneys in error and is precluded by the two-year period of limitation contained in subdivision 6 of section 289-c for such a credit. The petitioner in this proceeding seeks to have the assessment modified by annulling so much thereof as denies it the full credit for its overpayments in 1971 and 1972. In particular, the petitioner no longer seeks credit for the overpayment in 1970.

An examination of the "Schedule of Tax Changes" referred to hereinabove reveals that in fact, the respondent in computing the assessment has allowed a credit for the overpayments of 1971 and 1972, but only to the extent that the assessment for the months of the overpayment is set off against such overpayment.

The disputed portion of the assessment is solely the amount of the 1971 and 1972 overpayments which were subsequently taken as credits by the petitioner in computing its *1973* and *1974* tax liability and returns.

The first issue which must be decided is whether or not the two-year Statute of Limitations as included in section 289-c would be applicable to bar credits not taken pursuant to section 287.

■ The petitioner upon this proceeding does not directly dispute the applicability of the two-year period of limitation to overpayments made on tax returns filed pursuant to section 287 (Payment of tax; returns). The record establishes that a failure to claim the credit allowed by section 287 for "tax paid motor fuel" results in a payment of money in error as referred to in subdivision 6 of section 289-c and while deductible as a credit pursuant to the last paragraph of section 287, it would, nevertheless, be subject to the two-year limitation. We find no error in the determination of the respondent that the overpayments and/or credits at issue were subject to the requirement that an application for a refund or credit, in lieu of a refund, must be made within two years as specified in subdivision 6 of section 289-c.

The petitioner contends that equitable recoupment is applicable to the situation herein.

In the case of *Matter of National Cash Register Co. v Joseph* (299 NY 200, 203), the court, after noting that the city had assessed a sales tax deficiency against a vendor for the period of September 1, 1935 to December 31, 1940, held: "The vendor, as we think, was thereby given an equitable right to plead against the city a recoupment claim for taxes of the same type which the vendor (as it alleges) had erroneously paid to the comptroller in the same period." The petitioner relies upon the *Matter of National Cash Register* case *(supra)* but the respondent contends that the recoupment is allowable only for the period of each return and, accordingly, an otherwise time-barred credit may only be allowed to the extent that it is incurred in the same month for which an underpayment of taxes occurred and is assessed.

A review of the audit and assessment herein establishes that the respondent has allowed the credit to the extent that it considers recoupment pursuant to the *Matter of National Cash Register* case applicable on a monthly basis. However, the respondent, while contending that there is no sufficient

1971-1972 monthly deficiency against which to offset the monthly overpayments, nevertheless, is including in the 1971-1972 audit an assessment for underpayments which occurred in 1973 and 1974.

■ Applying the rule adopted by the respondent in this particular case that only the months within the period of the audit (1971 and 1972) may be considered for the purpose of determining if an assessment is made and a recoupment allowed, it is apparent that the years of 1973 and 1974 are not properly included in the assessment at issue which was limited by the terms of its audit to the period of January, 1971 through December, 1972 (cf. Tax Law, § 288). Whatever the result might be as to audits and/or assessments for the years 1973 and 1974 and credits claimed in those years but otherwise time-barred and relating to tax returns not included in the time period at issue, the present record is inadequate to either raise that issue or to present a basis for that portion of the assessment at issue without it being subject to recoupment. Since it appears that the assessment as computed does not comply with the rule of being based upon the monthly transactions of the petitioner as espoused by the respondent in this particular case, the matter must be remitted for recomputation and/or reconsideration.

To summarize and simplify a rather complex mathematical calculation, it appears that the petitioner originally took credits for overpayment of taxes in June through September, 1971 and January, 1972 on its returns for December, 1973 and March, 1974, respectively. This was improper because credit for overpayment of taxes in a previous year which is barred by the limitation period may not be recouped against taxes due for a different year on different transactions not under audit. In order to reclaim the erroneously allowed credits, the Tax Commission treated them as debits for purposes of their audit. It is our opinion that neither party may go outside the audit period for the purpose of assessments or recoupments.

The petition should be granted to the extent of modifying the determination by annulling it except as it relates to the sum of $1,702.33—which is not controverted—together with appropriate interest and penalties, and, as so modified, should be confirmed without costs, and the matter should be remitted to the respondent for further proceedings not inconsistent herewith.

SWEENEY, J. P., STALEY, JR., LARKIN and MIKOLL, JJ., concur.

Petition granted to the extent of modifying the determination by annulling it except as it relates to the sum of $1,702.33—which is not controverted—together with appropriate interest and penalties, and, as so modified, confirmed, without costs, and matter remitted to the respondent for further proceedings not inconsistent herewith.