■ ROCHESTER HEALTH NETWORK, INC., Appellant, v ROCHESTER HOSPITAL SERVICE CORPORATION et al., Respondents.— Order, insofar as appealed from, unanimously reversed, on the law, with costs and plaintiff's cross motion granted, in accordance with the following memorandum: Plaintiff, Rochester Health Network, and defendants, Rochester Hospital Service Corp. and Genesee Valley Medical Care, Inc., entered into a written agreement dated June 21, 1973 providing for comprehensive health care services pursuant to a subscriber contract known as the RHN Plan. The agreement was to have an initial term of one year and was to be "automatically * * * extended for annual periods thereafter unless one of the parties [notifies] the other in writing at least six months prior to the end of the current Agreement year". The parties acknowledged their "intention in good faith, to extend from year to year the contractual arrangements hereunder, adjusted as to payments and otherwise from time to time, to take account of current economic, professional and other material factors".

On May 18, 1985, plaintiff commenced this action seeking recovery for a breach of the agreement, alleging in its first cause of action that defendants failed to pay to plaintiff moneys for the years 1983 and 1984 in the sum of $643,627. On June 19, 1985, defendants served upon plaintiff an answer and a notice of intention to arbitrate the breach of contract dispute. Additionally, defendants sought to arbitrate "[a] claim * * * for recovery of overpayments to Rochester Health Network during the period 1977 through 1983".

Defendants then moved to compel arbitration. Plaintiff, in partial opposition to defendants' motion, argued that defendants' claim for recovery of overpayments relating to events occurring before June 19, 1979 was time barred from arbitration pursuant to CPLR 7502 (b). In reply, defendants alleged that their claim for reimbursement of premium overpayments was not barred by the Statute of Limitations since it is in the nature of recoupment (see, CPLR 203 [c]). Special Term held that defendants' claim with respect to payments prior to June

19, 1979 is not time barred and plaintiff's defense of the Statute of Limitations "is insufficient as a matter of law". We reverse.

CPLR 203 (c), which embodies the equitable doctrine of recoupment, excludes from the bar of limitations counter-claims, "even if they would have been barred at the time of the commencement of the action, provided that the counter-claim be one that 'arose from the transactions, occurrences, or series of transactions or occurrences, upon which a claim asserted in the complaint depends.' " *(Matter of SCM Corp. [Fisher Park Lane Co.],* 40 NY2d 788, 791.) Recoupment does not allow one transaction to be offset against another, "but only permits a transaction which is made the subject of suit by a plaintiff to be examined in all its aspects, and judgment to be rendered that does justice in view of the one transaction as a whole." *(Matter of National Cash Register Co. v Joseph,* 299 NY 200, 203; *see, Rothensies v Electric Battery Co.,* 329 US 296).

Here, plaintiff made a prima facie showing that defendants' claim for recovery of overpayments made prior to June 19, 1979 is time barred. It was incumbent upon defendants, therefore, to demonstrate that their claim fell within the purview of CPLR 203 (c) *(see, Doyon v Bascom,* 38 AD2d 645, 646). This they failed to do. The only facts contained in the record are that defendants failed to pay plaintiff moneys due for the years 1983 and 1984, and that defendants made substantial overpayments of plaintiff's premium allocations in earlier years. Defendants thus failed to show that their claim "aris[es] out of some feature of the transaction upon which the plaintiff's action is grounded" *(Bull v United States,* 295 US 247, 262). Accordingly, plaintiff's cross motion for an order barring arbitration of defendants' claim for recovery of over-payments made prior to June 19, 1979 is granted. (Appeal from order of Supreme Court, Monroe County, Kennedy, J.— compel arbitration.) Present—Callahan, J. P., Doerr, Boomer, Pine and Schnepp, JJ.