Richard S. Heller, J.
This is a motion for severance of two causes of action.
About May 20, 1953 claimant and the Department of Mental Hygiene of the State of New York entered into a construction contract. About May 26, 1954 claimant filed a notice of intention to file a claim based upon an alleged breach of contract by the State. Thereafter on August 7, 1954 claimant filed its claim pursuant to the notice of intention seeking recovery of $15,865.84, with interest and costs.
On November 25,1955 claimant filed an amended claim pursuant to an order of this court. The amended claim includes a first cause of action which is the same as the original claim and a second cause of action for an alleged conceded balance of the contract price as adjusted by the State of New York in the amount of $3,738.72. On the same date in accordance with a practice which has been followed in this court (Rusciano & Son Corp. v. State of New York, 201 Misc. 690, affd. 281 App. Div. 733), claimant filed a notice of motion for a severance of the second cause of action for the alleged conceded balance from the first cause of action and requesting that the second cause of action be added to the current calendar of this court and continuing the first cause of action for determination by trial in due course together with the determination of interest on both causes of action.
This motion was originally returnable on December 2, 1955 but on that date the motion was adjourned. The motion was argued on March 7, 1956. Claimant then submitted affidavits showing that on or about December 14, 1955, 12 days after the motion was originally returnable, the claimant received from the State a check in the amount of $3,738.72, the exact amount sought in the second cause of action. The claimant’s affidavits further sought to establish that acceptance and deposit of this check was unauthorized and a mistake made by an individual having no knowledge that “ the deposit of such check would constitute a release of the State of New York from all claims arising out ” of the contract. The affidavits further show that upon discovery of the deposit about January 18, 1956 claimant forwarded to the Department of Mental Hygiene its check in the amount of $3,738.72 which was thereafter returned to it on February 21, 1956 by the Department of Audit and. Control.
*695 In these affidavits in addition to the relief originally sought, the claimant seeks additional relief by way of a direction by this court for the State to accept a refund so as to preserve the status of the action prior to the receipt of the check from the State.
While it is not set forth in the papers submitted to the court on this motion, the apparent reason for claimant’s position is the possible effect of the deposit of the check upon the first cause of action in view of a clause customarily contained in contracts entered into by the State providing that acceptance of final payment constitutes and operates as a release of the State from any and all claims of liability to the contractor.
The power to grant a severance is contained in section 96 of the Civil Practice Act. This section was part of a pattern by which the Legislature committed to the courts a wide discretion of the administration of litigated business. (Sherlock v. Manwaren, 208 App. Div. 538.) Unquestionably the intent of the Legislature in permitting severance and consolidation of actions wherever it can be done without prejudice to a substantial right, was to provide for greater flexibility and freedom for the prompt administration of justice within the sound discretion of the courts. This power to sever must be administered in accordance with the policy of the law to avoid rather than to encourage a multiplicity of actions and trials. It therefore appears that sound judicial discretion on a question of severance requires that such power should not be exercised unless the failure to sever will place some substantial right in jeopardy. (Sherlock v. Manwaren, supra; 3 Carmody on New York Practice, § 862, pp. 1652-1653.)
The claimant here has made no showing that the failure to sever the two causes of action will in any way prejudice any of its rights. In effect the claimant is actually seeking two trials instead of one and asking that this court in the first trial determine a question which is essentially a part of the State’s defense to the first cause of action.' The claimant has made no showing as to why this court should utilize two trials when all of the questions can just as well be determined in one trial. It makes no showing as to why all of the issues cannot be tried just as rapidly as the first cause of action alone.
The most frequent use of severance occurs as incidental to summary judgments pursuant to rules 113 and 114 of the Rules of Civil Practice. Since these rules are not available to the claimant in the Court of Claims inasmuch as the State is not required to serve an answer, severance cannot generally be *696 used in the Court of Claims as an incident to utilization of rules 113 and 114.
The motion is therefore denied without prejudice to a renewal of the motion in the event that the claimant can show facts establishing that the failure to sever the two causes of action will result in a substantial prejudice to any of its rights.