Sidney Squibb, J.
These are four motions which were orally argued together, followed by subsequent submission of additional papers.
The parties seek the following relief:
(1) By claimant, for examination before trial of defendants with respect to the issues raised by the $626,913.50 counterclaim and reply;
(2) by claimant, to dismiss the $626,913.50 counterclaim pursuant to rule 107 and rule 113 of the Rules of Civil Practice ;
(3) By defendants, to vacate (a) order of severance, dated February 9, 1960; (b) decision, dated the same day, after trial of the severed first cause of action of claimant; and (c) the judgment thereon, dated and entered on February 19, 1960; and
(4) By defendants, as a cross motion for the same relief as in the immediately preceding motion as well as to strike the first affirmative defense pleaded in the reply.
This case was instituted by filing and serving claimant’s verified claim (pleading) to recover $1,592,269.76. There were 10 causes of action alleged. The first cause was for $375,301.77 “ admittedly due and owing this claimant” (par. 5 of claim) for the performance of a contract for the construction of a portion of the New York State Thruway, New England Section, in Westchester County. The remaining causes are for “ extras ”, defendants’ alleged interferences with claimant’s performance of the contract, interest on moneys unreasonably withheld for inordinate periods of time, etc.
Claimant then moved for an order of severance to enable it to try the first cause of action for its “ final payment ”, as to which there was allegedly no issue, leaving the other nine causes of action to be tried later. The motion was opposed by a very able, experienced and integrious Assistant Attorney-General, only with respect to the legal issue of the Statute of Limitations as to the commencement of the claim.
Now, another Assistant Attorney-General avers that said motion was pro forma, that his colleague had offered no opposition thereto and that the recital in the order of this court with respect to such opposition, was erroneous.
The moving Assistant Attorney-General is in error. There is no basis in fact for such wild statements. There is no warrant herein for such overzealousness of which this is but one example.
*497 An official report for that day’s court work (certified by the Deputy Clerk-Court Stenographer) specifically recites that the defendants’ application to dismiss the motion was denied, that claimant’s motion for severance was granted, and that the court signed an order directing trial of the severed issue on that day at a specified later hour.
All of this.is confirmed by my handwritten contemporaneous notes. Moreover, the said order of severance before it was signed by me, contains many interpolations written in my hand including that portion thereof reciting that the Assistant Attorney-General had been “heard in opposition thereto”. The certified stenographic transcript of the trial also shows verbatim that when the claimant rested, the Assistant Attorney-General directed attention to his prior oral motion for dismissal made during the argument of the motion and he renewed the motion to dismiss. It was again denied.
The moving Assistant Attorney-General repeatedly asserts that this trial was pro forma, implying that no one other than claimant’s then trial counsel asked any questions. Again, we must say that this is not so. Two witnesses testified under oath, the court asked each of them various questions, and 14 claimant’s exhibits were received in evidence.
In the moving papers, the present Assistant Attorney-General emphasizes that on said trial, the court did not have before it a letter dated January 28, 1960 from the State Comptroller signed by his chief auditor of highway accounts, addressed to the Attorney-General, attention of his assistant in charge of the Bureau of Litigation and Claims. Said movant’s counsel was so impressed with this argument that he made such original letter a part of the moving papers, apparently to overwhelmingly demonstrate that there was no court reporter’s handwriting or stamp thereon.
Said letter was superfluous. Claimant’s Exhibit 11 received in evidence before me, is a letter dated February 4, 1960, from the State Comptroller to claimant’s lawyers, which, according to my contemporaneously handwritten notes acknowledged receipt of that law firm’s letter of February 3, 1960 which had returned to the Comptroller check No. 1969 for $224,161.03 and check No. 5478032 for $7,632.73, both payable to the claimant. The total of these two checks is $231,793.76. Photostats of each of those two checks were also received in evidence; the larger one being claimant’s Exhibit 13 and the smaller one, claimant’s Exhibit 14.
(The letter of Jan. 28,' 1960 now stressed by defendants, informed the Attorney-General that on January 25, 1960, the *498 writer had received the final estimate, it had been audited, determining that said $231,793.76 was due the contractor and that two checks for that aggregate amount had been sent to claimant.)
Said total of $231,793.76 is the exact amount of the final estimate herein (claimant’s Exhibit 12). That is the official paper by which the defendants’ authorized officials certify the amount admittedly due a contractor for the completion of a job.
My handwritten trial notes show that said claimant’s Exhibit 12, final estimate (or final agreement) although originally dated earlier was ultimately approved by the signatures of K. Gr. Bauer, District Engineer of the State Department of Public Works, on October 8, 1959, by John J. Raymond, Assistant Deputy Chief Engineer, on November 16, 1959, by the Director of the Budget through John A. Tiesler, on December 14, 1959, by J. J. Burgess, Director of Office Audit, for the State Comptroller on January 13, 1960 and by Daniel J. Langan, Director of Thruway Finance. (The photostat of said Final Estimate submitted on this motion did not include the page containing the signatures. My spellings of names and exact titles may be inexact.)
At the conclusion of said trial, after both sides had rested, I granted judgment in favor of the named claimant against the State of New York for $231,793.76 and dismissed said first cause of action as against the remaining defendant, the New York State Thruway Authority. Said amount, it should be noted, is not the sum of $375,301.77 for which claimant pleaded in its first cause of action.
This procedure is time-honored and has been proven by experience in this court. It is an instrumentality utilized to expeditiously enable a claimant contractor to obtain its final payment and to stop the running of interest for which the State may be liable. The procedure is the outgrowth of a unique situation. A contractor who has “ extra ” claims dare not deposit a “ Final Payment ” check because the State would contend that thereby the contractor has waived all possible claims arising out of the performance of the contract, extra work, etc. (cf. Buffalo Elec. Co. v. State of New York, 9 A D 2d 372, revg. 4 Misc 2d 172).
There was no answer filed in this case because rule 13 of the rules of this court provides that none is required. Accordingly, the Rules of Civil Practice for full or partial summary judgment (rules 113 and 114) cannot be utilized with respect' to a claim (claimant’s pleading). As a consequence, we have the practice of a motion for severance, followed by the immediate trial of *499 the one cause of action for the “ Final Payment ” as to which there is no defense.
(It might be noted in passing, that at recent conferences of the Judges of this court, there has been discussion concerning a possible change in our court rules so that the defendants will be compelled to serve an answer in all cases except appropriations. The absence of an answer is one of the few differences in this court’s practice from that of the Supreme Court of the State of New York.)
It is my determination on the pertinent motions that as a matter of law the foregoing trial was not pro forma. It cannot be so debased. Were there nothing else before me now, the afore-recited order of severance, decision and judgment would stand.
However, facts subsequently discovered by the defendants, embodied in the counterclaim, verified on March 24, 1961 (over a year after the severance trial), and supported to sufficient minimal extents by affidavits now submitted, demonstrate for present purposes that there are issues as to whether claimant was entitled to the amounts of the “ Final Payment” checks and the judgment rendered thereon. The facts creating these issues were not known to the defendants at the time of said trial. Then and prior thereto, the defendants had relied on a firm of independent supervising engineers. The latter were not employees of either of defendants. They were independent contractors. Something or some things occurred subsequent to the severed trial, causing the defendants to conduct an inquiry. Prima facie these subsequently discovered facts do raise issues which should be purified in open court.
I recognize how infrequently a judgment after trial is vacated. Here, it must be done in the interests of justice. Defendants’ motion, instituted by order to show cause, to vacate the order of severance, decision and judgment, is granted.
That portion of the defendants’ cross motion for the same relief, is also granted. The part thereof seeking to strike out the first affirmative defense in the reply, is denied.
In the interest and furtherance of the ends of justice, the trial hereof is preferred, the date of trial to be set by the Judge of this court presiding over the Call Calendar at the opening of the next term of the New York District at New York City, on September 18, 1961, at 10:00 a.m.
It is suggested (not directed) that the parties and their counsel consider the possibility of having this case tried before Honorable Albert Conway, Official Referee of the Court of *500 Appeals. The distinguished former Chief Judge of that court has most graciously been available to this court on prior occasions in lengthy contract actions which would seriously affect the progress of our congested Trial Calendar.
Claimant’s motion to dismiss the counterclaim pursuant to rule 113 of the Rules of Civil Practice, is denied. (That portion of said motion which also sought relief pursuant to rule 107 of the Rules of Civil Practice was withdrawn during the oral argument of the motion.) There are issues here which must be tried and as to which a motion should not be dispositive. (Falk v. Goodman, 7 N Y 2d 87, 91 ; Sillman v. Twentieth Century-Fox, 3 N Y 2d 395, 404.)
Claimant’s motion for examination before trial of the defendants as to the issues raised in the counterclaim and reply, is granted as limited herein. There has been no prior request therefor. The earlier examinations before trial related only to the claim. Moreover, during the examination of the witness Ernest L. Blakeman, the Assistant Attorney-General representing the defendants strenuously and successfully prevented answers to be given concerning interrogations relating to the final estimate, etc.
The defendants are directed to designate and produce their officers and employees having knowledge of the matters involved. The State did not oppose the specific seven items requested, maintaining that there should be no examinations before trial at all.
The defendants’ brief on this subject argues in part: “ though the Court of Claims Act speaks of an examination before trial by claimant in order to ‘ present his claim ’, it nowhere speaks of an examination with respect to a counterclaim {sic). (Court of Claims Act, § 17, subd. 2; emphasis added.) ”
It is strange that counsel blithely skipped over the words in the cited section immediately before his three-worded quote. Said subdivision 2 of section 17 of the Court of Claims Act provides that an examination can be directed by the court “ upon proof that the examination * ” * is material and so necessary that he cannot properly prepare for trial or present his claim to the court upon the trial and that the interests of justice require the same”. I would underline: “material and so necessary that he cannot properly prepare for trial ”.
Justice requires an examination before trial as to the counterclaim in this case. It is my specific ruling that in this court an examination before trial can be had as to issues arising out of a counterclaim and is not limited to a claim (pleading).
*501 The portion of this motion which requests that the defendants produce Assistant Attorney-General Douglas L. Manley as one of the persons to be examined through the defendants as adverse parties, is denied. His knowledge of the facts was acquired as a lawyer after the institution of this litigation. Whatever he has learned in such capacity and under the circumstances at bar is privileged from oral examination before trial. On the present papers, he cannot be so examined.
Consolidated short-form order signed. The various affidavits and other papers have been so intertwined that it is practically impossible to prepare four separate orders without repetitive recitals. Many portions of the affidavits and exhibits relate to more than one motion. A court on review should have everything before it.