Caroline K. Simon, J.
The Attorney-General moves this court to vacate an order granting claimant’s motion for a severance and trial of the first cause of action contained in its claim predicated on .breach of contract. Counsel’s moving affidavit sets forth as grounds justifying vacating the court’s prior order, which order was filed on March 4, 1964, and recited therein that the severed cause; of action was set down for trial on May 4, 1964, the fact that on March 10, 1964 the claimant was indicted by the Suffolk County Grand Jury for alleged wrongful acts arising out of the performance of the contract which is the subject of this claim, and that great inconvenience and prejudice to defendant would result if the severed cause of action proceeded to trial prior to the outcome of the afore-mentioned criminal prosecution instituted against claimant. Counsel for the State makes the additional argument that the letter and spirit of the contract, the subject of the within claim, would be violated should claimant be permitted to proceed to trial and judgment. This latter point may be disposed of by the court’s finding that all of the conditions relating to the first cause of action and contained in article 10 of the Public Works Specifications of January 2, 1957, made part of the contract were met, as recited by the court in its opinion (42 Misc 2d" 266) filed March 4,1964.
On the return day of the instant motion, brought on by an order to show cause filed April 15, 1964, the Attorney-General, who opposed claimant’s original motion, renewed his original argument that the court lacked authority to grant a severance over the objection of the defendant, and cited the cases of Rusciano (& Son Corp. v. State of New York (201 Misc. 690, affd. 281 App. Div. 733) and Lauman & Co. v. State of New York (2 Misc 2d 693) in support of his argument.
The court has considered these authorities and finding them not in opposition adheres to its original position as reflected in its prior opinion. Though there is language in the Rusciano decision {supra) which language is critical of severance practice as it was then conducted as being wasteful of time and resulting in duplication of effort in some instances, that court did in fact grant severance motions made therein. There can be no real issue as to the practicability and desirability of such practice which provides prompt payment of amounts not in dispute and saves interest costs to the State. (Yonkers Contr. Co. v. State of New York, 28 Misc 2d 495, 498.)
Other facts bro.ught to the attention of the court by the Attorney-General ion the return of the instant motion, which facts were not previously before the court, require granting *739 defendant’s motion to vacate the court’s original order. The criteria used to determine that a motion to sever should be granted no longer have validity on the basis of additional facts recited in defendant’s counterclaim filed subsequent to the entry of the original order. Therefore, the order granting severance must be and hereby is vacated.
On oral argument the Attorney-General moved for the first time to file a counterclaim in the sum of $90,000 for the alleged conversion of topsoil from the contract site, to which motion counsel for the claimant made no objection. Defendant’s motion was granted in open court, and a formal counterclaim thereafter was filed and served upon claimant. Claimant filed and served a reply denying the pertinent allegations contained in the counterclaim.
The amount alleged to be due defendant as set forth in its counterclaim is greater than the sum due claimant as and for its first cause of action. Issue having been joined on that cause of action, the court concludes that severing the first cause of action would no longer serve any useful purpose, since the defendant has formally denied that there is an undisputed balance due as to the afore-mentioned severed cause of action. The criteria by which the motion to sever were tested and found warranting a severance no longer exist. In order properly to protect the rights and interests of both parties, a single trial of all of the questions of law and fact should be had, as the State has not limited itself to a set-off and must be given an opportunity to litigate the entire claim on the merits. (See Pekofsky v. State of New York, 15 Misc 2d 358.)
One further point requires analysis. The Attorney-General, in his moving papers, seeks to have the court not only vacate its original order granting the severance, but to place this case on the Suspension Calendar to await the outcome of the pending criminal prosecution instituted against the corporate claimant herein previously alluded to. Although a judgment in a civil action is not admissible in a criminal prosecution, though the same issues are involved, defendant implies that a conviction is admissible in a civil action as prima facie evidence of the facts involved. (Schindler v. Royal Ins. Co., 258 N. Y. 310.) Fortunately under our system of law an indictment can never be tantamount to a conviction. A witness whether he be a party or otherwise, ‘ ‘ may not be impeached or discredited by showing-on his cross-examination or in any other way that he has been indicted. * * * The rule applies to criminal actions as AVell as civil, and to all witnesses whether parties or not” (People *740 v. Morrison, 196 N. Y. 116). It constituted reversible error to permit interrogation of a party on cross-examination as to his arrest (People v. Crapo, 76 N. Y. 288) or as to whether he is under indictment (Van Bokkelen v. Berdell, 130 N. Y. 141) and these authorities have been cited with approval in a recent decision in which incriminatory statements elicited from a plaintiff in a personal injury action as to whether he had been served with a traffic summons required the setting aside of a verdict in defendant’s favor and the granting of a new trial. (Landt v. Kingsway Equip. Leasing Corp., 159 N. Y. S. 2d 453, affd. 4 A D 2d 785.) As yet there is no proper basis for defendant’s conclusion that any conviction obtained in the criminal action would be res judicata on the issue of claimant’s right to recover an award on the contract action pending in this court.
In the interests ¡ of justice and orderly trial procedure, the trial of the within claim is retained on the court’s calendar.
Defendant’s motion to vacate the within order of this court is granted, and the claim and counterclaim will be tried in its turn on the court calendar.