John R. Tenney, J.
Plaintiffs join in a motion for a severance and separate trials of their respective actions pursuant to CPLR 603. Action No. 1 is brought by the administratrix for the wrongful death of her husband. Action No. 2 is for property damage to the vehicle which was being operated by the deceased, an employee of plaintiff owner, Sears Oil Company.
These cases were tried in Supreme Court, Jefferson County, on October 26, 1966, and a jury rendered a verdict in favor of the defendants in both actions. The Appellate Division reversed and remanded the cases for a new trial. (Crossett v. Natali, 31 A D 2d 783.)
Plaintiffs contend that a severance is necessary in the interest of justice. The basis to their argument is that there is a probability that the different rules relating to the proof of contributory negligence for each plaintiff will confuse the jury. In an action for wrongful death the burden of proof is on the defendant. (EPTL 5-4.2, formerly Decedent Estate Law, § 131.) The contention is that the burden of proof in the property damage claim brought by the owner and the former employer of the deceased is on the plaintiff.
*313 Since the negligence of the dead man is at issue in both cases, such a rule seems to place a difficult burden on the plaintiff property owner. This application of the rule is contrary to the theory that the dead man cannot speak for himself since he is the only one who could establish the propriety of his conduct. (Noseworthy v. City or New York, 298 N. Y. 76.) Furthermore, the trend of the statutory law is to apply the same rule regarding contributory negligence when other causes of action of the dead man’s estate are joined with a wrongful death action. (EPTL 11-3.2.) However, this statute is a departure from the common law and must be strictly construed. Any changes or extensions must come from the Legislature not from the courts, and therefore, the plaintiff in the property damage claim must prove his freedom from contributory negligence.
In considering the motion for a severance, it must be kept in mind that the first duty of the court is to avoid a multiplicity of actions. (Lauman & Co. v. State of New York, 2 Misc 2d 693.) However, CPLR 603 is discretionary and authorizes the court to act in furtherance of convenience or to avoid prejudice. (Duch v. Giacquinto, 15 A D 2d 20.)
A severance will not be granted when the convenience of disposing of all the issues in one trial clearly outweighs any possible prejudice to the plaintiffs. (Busher Co. v. Galbreath-Ruffin Realty Co., 16 A D 2d 750; Kidder, Peabody Co. v. Loewe, 12 A D 2d 917.) Although there is some indication that in the previous trial the proof on the negligence issue posed a problem to the jury, the record was considered by the Appellate Division. Ho request for a severance was made at that time, and the Appellate Division does not indicate in its opinion that a severance is required.
Apart from the issue of contributory negligence all the other issues are identical, all the facts are the same and the same witnesses would be required except for the issue of damages. Defendants would be forced to try the same issues twice with additional expense and inconvenience to him and to the court. Although there is a possibility that the jury might have some difficulty with the different rules applicable to contributory negligence, this is not sufficient reason to sever the actions. Juries are called upon to resolve numerous questions in negligence actions, involving absentee owners, imputed negligence, and other similar situations.
Therefore, in considering all of the equities involved and the claims of plaintiffs and defendants, it would be an abuse of dis *314 cretion to grant a severance in this matter. Therefore, the motion to sever is denied. The motion to withdraw the cause of action for pain and suffering is not opposed by the defendants and is, therefore, granted.